**People of the State of Illinois, Plaintiff-Appellee, v. Everett L. Biggs, Defendant-Appellant.**

Gen. No. 10,894.

Fourth District.

December 6, 1967.

Presney & Casper, of Springfield (Paul E. Presney, of counsel), for appellant.

Charles J. Ryan, State's Attorney of Morgan County, of Jacksonville, for appellee.

MR. PRESIDING JUSTICE CRAVEN delivered the opinion of the court.

This appeal is to review a sentence of not less than twelve nor more than thirty years imposed upon the defendant upon his plea of guilty for the crime of armed robbery.

The defendant and another, one Grigsby, committed an armed robbery of the National Food Store in Jacksonville, Illinois, in August of 1965. According to the defendant's statement at the hearing in mitigation, his accomplice actually entered the store, while armed, and committed the robbery. The defendant remained outside in the car and drove the vehicle in an unsuccessful effort to elude law-enforcement officials. No question is presented here as to the defendant's guilt as a principal.

■■■■■■

Rather, the defendant claims that his participation was not as involved or as reprehensible as that of his partner and that, notwithstanding this, the partner received a less severe sentence, and it is accordingly urged that the sentence in this case is excessive. Error is also claimed in that the trial court considered subsequent offenses of the defendant at the hearing in aggravation and mitigation.

Section 121–9 (b) (4) of c 38, Ill Rev Stats 1965, now found as Rule 615, subsection (b) (4) of the Supreme Court Rules, grants power to reviewing courts, on appeal, to reduce the punishment imposed by the trial court. It is urged that this court should exercise that power in this case. This record shows that the accomplice received a sentence of not less than two nor more than ten years for the same offense.

It appears from this record that the trial court conducted an extensive hearing in aggravation and in mitigation. The defendant sought to have the sentence imposed run concurrently with a sentence of the federal district court of 18 years for the crime of bank robbery. In connection with that request, the trial court learned of a bank robbery in Springfield, Illinois, by the defendant, as well as hearing of participation by the defendant in a robbery in Tulsa, Oklahoma, with two other individuals. The two subsequent offenses occurred after the defendant was released on bond pending hearing and trial in this case.

Inquiry by the trial court ascertained information from the defendant as to his military record—which was good —his family, home, background, employment record, and his prior criminal activities, of which there were none of any significance.

It is suggested under the authority of the majority opinion in People v. Steg, 69 Ill App2d 188, 215 NE2d 854 (3d Dist 1966), that equal participants in a criminal

venture should receive the same or closely similar sentences. To so hold presupposes equal individuals equally susceptible to the same prospects of rehabilitation and an absence from the record of some reason for differences in sentencing.

■■■ In People v. Spann, 20 Ill2d 338, 169 NE2d 781 (1960), the Supreme Court of Illinois quoted, with approval, Williams v. New York, 337 US 241, 247, 69 S Ct 1079, 1083 (1949), language to the effect that a sentencing judge is not confined to the narrow issues of guilt or innocence in arriving at an appropriate individualized sentence. Relevant—if not essential—to this task is possession of the fullest information possible concerning the defendant's life and characteristics. Rigid adherence to restrictive rules of evidence applicable to the trial has no place in searching for information meaningful to the trial judge for use in arriving at a sentence. It seems to us abundantly clear that the trial judge is not only authorized to consider the subsequent criminal conduct of the defendant, but that his failure to do so could well result in sentencing absent the requisite relevant and material information. There was no error in considering the subsequent offenses.

■■ We do not have, in this record, any basis to compare this defendant with Grigsby, nor is it necessary that we do so. If sentences are to be individualized, we need only consider this defendant, this offense, his background, his prospects of rehabilitation and his record of criminal or antisocial conduct. That is in this record.

■■ From this record, we can ascertain that this defendant, aged 31 years at the date of sentencing, with an excellent military background, with a record free from criminal conduct, all at once and without reasonable explanation, undertook a course of criminal conduct undeniably highly sophisticated in nature. The instant offense was an armed robbery of a large store. It's not

debatable that solo bank robbery while out on bail is sophisticated criminal conduct.

In imposing sentence in this case, the trial court entered appropriate orders so that the state sentence could be served concurrently with the 18-year federal sentence. Parole eligibility on both would approximately coincide. We find no basis to use the authority of this court in connection with this sentence.

The judgment and sentence of the circuit court of Morgan County is affirmed.

Affirmed.

SMITH and TRAPP, JJ., concur.