**People of the State of Illinois, Plaintiff-Appellee, v. Eugene Daugherty, Defendant-Appellant.**

Gen. No. 11,017.

Fourth District.

February 20, 1969.

J. Waldo Ackerman, of Springfield, for appellant.

Raymond L. Terrell, State's Attorney of Sangamon County, of Springfield, for appellee.

CRAVEN, J., delivered the opinion of the court.
The defendant was indicted for armed robbery and entered a plea of guilty. Upon his request for probation

the matter was referred to the probation officer and a probation hearing was held. Probation was denied and the defendant sentenced to a term of not less than four nor more than ten years in the Illinois State Penitentiary. This appeal is from the sentence imposed, it being the contention of the defendant that the sentence is excessive and the trial court considered inadmissible evidence in fixing the sentence.

The probation report that was filed had appended to it a statement from the Department of Public Safety, Bureau of Criminal Identification and Investigation, with reference to one Eugene Daugherty, listing a series of encounters with police departments commencing in 1947. The probation report asserted that the defendant had been arrested "approximately 100 times since 1943 and this is not counting the year 1967."

The probation report further observed that the defendant had twice been in and out of jail subsequent to his release on his own recognizance in connection with the instant armed-robbery charge.

The defendant contends that it was error to consider the matters on the "rap sheet," some of which involved charges upon which there was no showing of ultimate disposition. Nothing on the "rap sheet" indicated a prior felony conviction although there was an indication of some prior felony charges.

In People v. Jackson, 95 Ill App2d 193, 238 NE2d 196 (1st Dist 1968), the court held that arrests or other encounters with the law which have not resulted in convictions are inadmissible at the hearing in aggravation and mitigation in arriving at the punishment or sentence for the crime charged. This statement by the court is amply supported by citation of authority, and we agree. In this case, however, in addition to the report of the probation officer, including the "rap sheet," there was testimony of four witnesses—all of whom were called by the defendant—and from these four witnesses it is readi-

ly ascertained that the defendant is an alcoholic and has been regularly in and out of jails for twenty years. The felony charges shown on the "rap sheet" which did not result in convictions were explained by him. Testimony by the other witnesses as to his frequent arrests and incarceration was received without objection. Indeed, one instance was indicated where the defendant was released from jail at nine o'clock in the morning to resume his employment and was incarcerated for drunkenness before five o'clock on the same day.

█ █ While we are in agreement with our colleagues in the First District in the case of People v. Jackson, when evidence of arrests or other encounters with the law which have not resulted in convictions is received and explained away by the defendant without having made objection thereto, any error in their receipt in evidence has been waived. We are of the opinion that evidence of conviction of noninfamous crimes is admissible in connection with the hearing in aggravation and mitigation, or probation, and that in that proceeding the sentencing judge is not limited to the narrow issue of guilt and limitations of evidence applicable to a trial. See People v. Helton, 106 Ill App2d 246, 245 NE2d 4 (4th Dist 1969).

Here, unlike the situation in the Jackson case, it does not appear, nor is it even suggested, that in sentencing the defendant the trial court gave consideration to and placed weight upon the inadmissible material shown by the "rap sheet."

█ Here, the crime of armed robbery, to which the defendant entered a plea of guilty, was and is a serious offense. Sentencing one for criminal conduct who is a chronic alcoholic is at best a difficult assignment. The sentence imposed here is not one imposed by reason of the fact that the defendant is an alcoholic. The sentence is for the crime of armed robbery. His addiction to alcohol, whether psychological, physiological or just plain

choice, is a meaningful item to be considered at the time of the imposition of sentence. See the majority and dissenting opinions in Powell v. Texas, 392 US 514, 20 L Ed2d 1254, 88 S Ct 2145 (1968).

We learn from this record that the defendant has been in and out of the county jail, in and out of the city jail, in and out of the State Penal Farm at Vandalia, and in and out as a patient of the State Hospital in Jacksonville, wherein he underwent treatment for alcoholism. The willingness of our social system to face up to the issue of alcoholism may be a long time in coming. As the court noted in Powell, our knowledge of this area is comparatively primitive. The medical profession as a whole, and psychiatrists in particular, have been severely criticized for the prevailing reluctance to undertake the treatment of "the drinking problem." There the court was dealing with punishment of alcoholics for public drunkenness. Here we are dealing with specific criminal conduct and admitted propensities toward criminal conduct that have their base in alcoholism. While the underlying problem may be the same, the consequences under our system of criminal jurisprudence are different.

■ Considering, as the trial court did here, the history of this defendant, his problem and his probability of rehabilitation, we cannot say that the sentence is excessive. The judgment and sentence appealed from are affirmed.

Affirmed.

TRAPP, P. J. and SMITH, J., concur.