**People of the State of Illinois, Plaintiff-Appellee, v. Paul Helton, Defendant-Appellant.**

**Gen. No. 10,992.**

Fourth District.

February 20, 1969.

Roger W. Thompson, Public Defender of Logan County, of Lincoln, for appellant.

Warren Peters, State's Attorney of Logan County, of Lincoln, and Everett B. Johnson, Assistant State's Attorney, for appellee.

CRAVEN, J., delivered the opinion of the court.

The defendant was convicted in a jury trial of indecent liberties and sentenced to a term of not less than ten nor more than twenty years in the Illinois State Penitentiary. The sentence imposed was to run consecutively with a prior sentence of not less than four nor more than twelve years imposed upon his having been convicted of the crime of rape. The latter case, at the time of the sentence in this case, was on appeal to this court and appears in the files of our court as General No. 10970.

No issue is presented by this appeal as to guilt nor are any questions raised asserting error in the trial proceedings. The only issues presented relate to the sentence. The defendant contends the sentence is excessive and that the record does not establish a basis for a consecutive sentence.

After the verdict of guilty a hearing in aggravation and mitigation was held. At the conclusion of that hearing the trial judge observed that he obviously did not consider the fact that the instant offense was committed while the defendant had been admitted to bail

pending the appeal of a prior conviction for rape, as a mitigating factor. The prior conviction was on June 28, 1967, in trial proceedings before the judge presiding in the instant case.

The defendant-appellant asserts the prior conviction does not appear in this record and therefore was improperly considered in aggravation here and as a basis for the consecutive sentence. He asserts that while the trial judge and the State's Attorney might have full personal knowledge of the facts and circumstances of the antecedent case, the court in sentencing in this case was precluded from considering such knowledge. It is asserted that limitations upon judicial notice are here applicable and that in accordance with the views set forth in 14A ILP, Criminal Law, § 226, the court should not take judicial notice of proceedings had in other cases even though shown by its own records.

 The duty of a trial judge in a criminal case to sentence and the hearing in aggravation and mitigation are separate and apart from ascertainment of guilt. In People v. Spann, 20 Ill2d 338, 343, 169 NE2d 781, 783–84 (1960), the Illinois Supreme Court quoted with approval from Williams v. New York, 337 US 241, 247, 93 L Ed 1337, at 1342, 69 S Ct 1079, 1083 (1949), Anno, 96 ALR2d 767, as follows:

> " 'Rules of evidence have been fashioned for criminal trials which narrowly confine the trial contest to evidence that is strictly relevant to the particular offense charged. These rules rest in part on a necessity to prevent a time consuming and confusing trial of collateral issues. They were also designed to prevent tribunals concerned solely with the issue of guilt of a particular offense from being influenced to convict for that offense by evidence that the defendant had habitually engaged in other misconduct. A sentencing judge, however, is not confined to the narrow issue of guilt. His task within

fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence applicable to the trial.' "

See also: People v. Grabowski, 12 Ill2d 462, 147 NE2d 49 (1958) ; People v. Mace, 79 Ill App2d 422, 223 NE2d 725 (4th Dist 1967) ; and People v. Biggs, 89 Ill App2d 324, 231 NE2d 626 (4th Dist 1967).

In People v. Biggs, 89 Ill App2d 324, at 327, 231 NE2d at 628, we observed:

"Rigid adherence to restrictive rules of evidence applicable to the trial has no place in searching for information meaningful to the trial judge for use in arriving at a sentence. It seems to us abundantly clear that the trial judge is not only authorized to consider the subsequent criminal conduct of the defendant, but that his failure to do so could well result in sentencing absent the requisite relevant and material information. . . ."

■ In Biggs, as here, subsequent criminal activity was considered—activity in which the defendant participated while he was out on bail. The trial judge quite properly considered all matters relevant to sentence including the prior conviction and the total conduct of the defendant.

We turn now to the question of the excessiveness of the sentence and the consecutive sentence. It is clear that the trial court considered, and, as we have said,

249

properly considered, the prior conviction as aggravation. On appeal this court has reversed and remanded for a new trial the prior rape conviction. Thus it is not now properly an element of aggravation nor is it now a basis for the imposition of a consecutive sentence as provided by section 1–7(m) of chapter 38, Ill Rev Stats 1967. ██ Acting pursuant to the authority of Supreme Court Rule 615 (Ill Rev Stats 1967, c 110A, § 615), and since the original conviction has been remanded for a new trial, it is appropriate that we reduce the minimum sentence because there does not remain, as of now, a prior felony conviction. The consecutive aspects of this sentence must be eliminated for the reason stated. Accordingly, the sentence heretofore imposed of not less than ten nor more than twenty years is changed to not less than five nor more than twenty years. As modified, the judgment of the Circuit Court of Logan County is affirmed.

Judgment affirmed.

TRAPP, P. J. and SMITH, J., concur.