The People of the State of Illinois, Plaintiff-Appellee, *v.* Charles T. West *et al.*, Defendants-Appellants.

(Nos. 11419, 11420; )

Fourth District—February 17, 1972.

John F. McNichols, District Defender, Illinois Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

Gary L. Hinman, State's Attorney, of Lincoln, for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendants pleaded guilty to the charge of burglary in the Circuit Court of Logan County. Both were involved in the same offense. Charles West was sentenced to a term of not less than 4 nor more than 7 years in the state penitentiary. Sherman West was sentenced to not less than 2 nor more than 5 years in the state penitentiary.

By this appeal the defendants assert that the trial court improperly considered certain information and that the sentencing as to each constituted an abuse of discretion. As to Charles West, it is suggested that a minimum sentence of 4 and a maximum sentence of 7 years is violate of the concept of indeterminate sentences as recommended in the minimum standards for criminal justice relating to sentencing of the American Bar Association which said standards suggest that the minimum should be no more than ⅓ of the maximum sentence imposed.

■■■ In the case of Charles West the record indicates that upon acceptance of the plea a petition for probation was filed and a hearing was held on that petition. This evidence was also considered in aggravation and mitigation. In the course of the hearing as to Charles West, the trial court did say, "I look at the police record and there is one disorderly conduct charge and conviction after the other, time after time, up as recent as December of 1969." The defendant urges that this is an indication that the trial court considered incidents of past arrests which did not result in convictions and is therefore an improper consideration in sentencing and warrants a reduction in sentence. The defendant relies upon *People v. Jackson*, 95 Ill.App.2d 193, 238 N.E.2d 196. In the *Jackson* case, there was a definitive indication that the sentencing court considered arrests or other encounters with the law which had not resulted in convictions as an aggravating circumstance for sentence. Narrowed to the context of its specific holding, we agree with the observation in the *Jackson* case. In this ·case, however, our review on the entire record of the probation hearing leads to the clear conclusion that the trial court considered as matters of aggravation only those acts of the defendant established by the record and did not consider encounters with the law that did not result in either conviction or, as in this case, certain incidents of violation of parole. We consider prior parole violations to be relevant, material, and informative upon a hearing to determine the advisability of admitting a defendant to probation.

In *People v. Daugherty*, 106 Ill.App.2d 250, 245 N.E.2d 7, we discussed the *Jackson* case and the desirability of a sentencing court having the fullest possible information as to the defendant prior to imposing sentences. See also *People v. Helton*, 106 Ill.App.2d 246, 245 N.E.2d 4; *People v. Spann*, 20 Ill.2d 338, 169 N.E.2d 781; *People v. Biggs*, 89 Ill.

App.2d 324, 231 N.E.2d 626; *People v. Mace,* 79 Ill.App.2d 422, 223 N.E.2d 725.

■■ In this case, so far as it relates to Charles West, the trial court was fully informed. He specifically noted that he could not grant probation because the defendant had been sentenced twice before and that on both occasions he had been given parole and both times had violated. We consider the quoted observation in the context of the full record as to be necessarily informative and certainly not prejudicial. We cannot say that one who pleads guilty to the offense of burglary, having previously been convicted of two felonies, has suffered an abuse of discretion by a sentencing judge upon denial of probation.

■■ The sentence imposed of not less than 4 years nor more than 7 years is not mathematically in accordance with the recommendations found in the American Bar Association standards, nor with the expressions of this court with reference to substantial compliance with those recommendations. In this case, however, the trial court was sentencing two defendants—brothers—with unlike background. He arrived at individualized sentences in accordance with the accepted standards. The ratio of the minimum to the maximum is not in the view of a majority of this court such as to warrant interference upon review.

■■ Sherman West contends that the trial court improperly considered the adverse record of Charles in imposing sentence, and also improperly considered a prior matter involving the burning of a barn which was treated as criminal damage to property rather than arson by reason of the defendant's then age. Here again, our review of the record in its entirety leads us to reject the defendant's contention that anything of an improper nature was considered in arriving at the sentence. There is a specific recitation of the distinctions between Sherman and Charles.

The defendant's record was such that a denial of probation was not an abuse of discretion. Neither is the sentence imposed excessive so as to warrant appellate interference or modification. The judgments appealed from are affirmed.

Judgments affirmed.

TRAPP, P. J., and SMITH, J., concur.