THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT T. PIONTKOWSKI, Defendant-Appellant.

Fifth District   No. 79-56

Opinion filed October 16, 1979.

John H. Reid and E. William Hutton, both of State Appellate Defender's Office, of Mt. Vernon, and Frank Hoffman, law student, for appellant.

Howard L. Hood, State's Attorney, of Murphysboro (Raymond F. Buckley, Jr., of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HARRISON delivered the opinion of the court:

Defendant Robert Piontkowski appeals from the sentence entered upon a jury verdict in the circuit court of Jackson County finding him guilty of armed robbery of a liquor store. Defendant was sentenced to 8 years imprisonment under the new Illinois sentencing act (Ill. Rev. Stat. 1977 Supp., ch. 38, par. 1005—3—1 *et seq.*), and the sole issue on appeal is whether the sentence is excessive under that statute. Defendant contends

that the sentence is erroneous in his particular case, relying upon *People v. Choate* (1979), 71 Ill. App. 3d 267, 389 N.E.2d 670, a recent decision by this court in which the scope of appellate review of sentences under the new statute was thoroughly analyzed. Defendant cites his alcoholism, remorse and relatively crime-free life prior to the present offense as mitigating circumstances which served to rebut the presumption that the sentence imposed by the trial court is proper. We disagree and accordingly affirm the sentence rendered below.

A brief recital of the facts is in order to understand the propriety of the sentence in this case. The record shows that the defendant entered the Eastgate Liquor Store in Carbondale, Illinois, at approximately 6 p.m. on a Friday evening. After all the customers had been served, he pulled a gun and ordered four employees to empty the contents of the two cash registers into a paper bag. He then herded them into a large walk-in beer cooler at the back of the store where he ordered the three male employees to lie face-down on the floor. The defendant instructed the one female employee to bind the hands of her co-workers with some tape he had brought along. Two of the employees testified at trial that defendant had made reference to taking the female employee with him. Defendant left alone through a rear door, however, after the store began to fill up with customers.

A sentencing hearing was held on December 11, 1978, following an in-depth presentence investigation of the defendant. The report prepared by the probation officer accurately set forth all the information required by section 5—3—2 of the Unified Code of Corrections, including an assessment of community programs and resources available to aid in defendant's rehabilitation. The report concluded that "[b]efore Mr. Piontkowski can be successfully reintegrated back into society, he needs to come to grips with his psychological and emotional problems that lead him to alcohol abuse and anti-social behavior."

It should be noted at the outset that as a Class X felony armed robbery is a nonprobationable offense under the code, with a minimum term of 6 years imprisonment mandated. (Ill. Rev. Stat. 1977 Supp., ch. 38, pars. 1005—5—3(c)(2)(C) and 1005—8—1(a)(3).) The trial judge imposed a sentence of 2 years beyond the minimum, giving as his reasons (1) defendant's potential danger to society, (2) the binding of the employees which he likened to a form of taking hostages, and (3) defendant's unsuccessful battle with alcoholism, with which defendant attempted to excuse his behavior. The court viewed these factors as exacerbating the offense and calling for a higher penalty. The defendant's history of previous criminal conduct did not play a significant part in the judge's decision as he acknowledged it to be minor.

■■ The record does not reflect any improprieties in the sentencing

proceedings, nor do the parties so urge. The trial judge considered the evidence at trial as well as the contents of the presentence report, heard the recommendations of counsel in regard to sentencing and provided the defendant an opportunity to speak on his own behalf. Neither side presented any evidence in aggravation or mitigation, though the State urged the court to focus on the nature and circumstances of the crime while the defendant urged the court to consider that his problem stemmed from alcohol abuse and not a criminal mind.

Defendant contends on appeal that the eight-year sentence was erroneous because he had no prior felony record and has a very substantial rehabilitative potential. Defendant's desire to overcome his problem with alcohol and his remorse over the present offense were not disputed or disregarded by the trial judge, they simply were not viewed as persuasive factors. The weight to be accorded the various factors in aggravation and mitigation set out in sections 5—5—3.1 and 5—5—3.2 depends on the facts and circumstances of each case, and the balance struck by the trial judge will not be disturbed if there is support in the record for his determination. This is one area under the new statute where a sentencing judge must of necessity exercise his discretion, and he may properly emphasize one factor more than another in a particular case, although he must consider all of them to some degree. (*People v. Meeks* (1979), 75 Ill. App. 3d 357.) The record in the present case contains no hint of a suggestion that the trial court failed to adequately consider all the statutory factors applicable in minimizing or extending sentences, but to the contrary, shows that the sentencing decision reached in this case was the result of a carefully thought-out and well-reasoned attempt to match the sentence to the offender as well as the offense.

A criminal defendant's remorse over his conduct is by no means conclusive on the question of erroneous sentencing. Similarly, alcohol addiction is merely a factor to be considered and may properly be regarded as aggravating in an appropriate case. In the present case, the judge was of the opinion that defendant's claim of intoxication during the commission of the robbery was not in keeping with the facts. He noted that "[f]or someone who has been drinking or may have had a few drinks [to have] the presence of mind to take the employees of the establishment to another room and bind them with tape or have them bind themselves with tape or force them to be bound with tape and then take the money and leave, it seems to me is falling into the aggravated state of the crime rather than the mitigating state of the crime." The court was justified in concluding that the public needs protection from such an individual, especially in view of his admitted failures at coping with the problem. *People v. Daugherty* (1969), 106 Ill. App. 2d 250, 245 N.E.2d 7.

■■ ■ In a further attempt to rebut the presumption of propriety

afforded the sentence below, the defendant argues that he did not inflict any physical violence on the victims and that the minimum sentence of 6 years automatically incorporates the territorial restraint element on which the court relied because there is always some degree of physical confinement involved in an armed robbery. It is clear, however, that defendant went farther than he had to in perpetrating this crime. There was no resistance on the part of the victims nor other cause for defendant to tie them up. Furthermore, defendant's actions in binding the victims were part of his pre-arranged plan to rob the liquor store since he went to the scene with the tape on his person. It is in this context that defendant's argument concerning his felony-free background loses its viability. Where an offense has been exacerbated by needless additional intrusions on the physical integrity of the victims, a sentence beyond the minimum even in the absence of a prior felony record is not erroneous.

Defendant has not made an affirmative showing on any of his contentions that the sentence of 8 years imprisonment—two years beyond the mandatory minimum term of six years—is erroneous in this particular case. The judgment of the circuit court of Jackson County is therefore affirmed.

Affirmed.

KARNS and KASSERMAN, JJ., concur.