THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RICKIE BANKHEAD, Defendant-Appellant.

Fourth District No. 4—83—0515

Opinion filed April 9, 1984.

Daniel D. Yuhas and Jerome McGuire, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On November 3, 1982, defendant, Rickie Bankhead, was charged in the circuit court of Vermilion County in Case No. 82CF230 with two counts of burglary (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(a)). Defendant had previously pleaded guilty to two unrelated counts of theft. At a January 7, 1983, sentencing hearing on the theft charges, the State introduced evidence of defendant's conduct relating to the burglary charges. At the conclusion of this hearing, the trial court (1) sentenced defendant to concurrent terms of two years' probation on the felony theft charge and one year of probation on the misdemeanor theft charge, with the condition that he serve a term of 90 days' periodic imprisonment (Ill. Rev. Stat. 1981, ch. 38, pars. 16—1(e)(3), 16—1(e)(1), 1005—7—1), and (2) noted that the evidence concerning defendant's "subsequent criminal acts" was the only reason for the imposition of the term of periodic imprisonment.

Following a jury trial held on June 6, 1983, defendant was convicted of the offense of burglary. On June 21, 1983, the trial court sentenced him to a term of three years' imprisonment on the burglary charge.

On appeal, defendant maintains the procedure used in this case violated his constitutional guaranty against double jeopardy. U.S. Const., amend. V.

The State contends that the constitutional double jeopardy issue has been waived because it was not raised by defendant in the trial. However, defendant did make a pretrial motion to dismiss based upon statutory double jeopardy (Ill. Rev. Stat. 1981, ch. 38, par. 3—4(a)(1)). At a hearing held on February 24, 1983, the trial judge noted that the procedure used might violate the constitutional guaranty against double jeopardy, but the judge did not dismiss the charge. We choose not to decide whether the issue was waived because we conclude that no constitutional double jeopardy occurred.

Defendant notes that the fifth amendment guaranty against double jeopardy prohibits multiple punishments for the same offense. (*North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072.) Defendant maintains that he was punished twice for the same offense in this case where (1) the trial court, at the sentencing hearing on the theft charges, noted that the evidence of defendant's conduct relating to the burglary charges was the only reason for the imposition of the 90-day term of periodic imprisonment, and (2) defendant was subsequently tried, convicted, and sentenced to a term of three years' imprisonment on the burglary charges.

The sole issue presented for review is whether a trial court may properly sentence a person for certain criminal conduct after having considered such conduct as an aggravating factor in a prior sentencing hearing on unrelated charges. The parties have cited no case where a court has discussed the double jeopardy ramifications of such a procedure.

In analyzing this issue, we note that in order to select an appropriate sentence, it is essential that a sentencing court be in possession of the fullest possible information concerning a defendant's life and characteristics. (*People v. Evrard* (1965), 55 Ill. App. 2d 270, 204 N.E.2d 777.) In *People v. Biggs* (1967), 89 Ill. App. 2d 324, 231 N.E.2d 626, this court stated:

> "Rigid adherence to restrictive rules of evidence applicable to the trial has no place in searching for information meaningful to the trial judge for use in arriving at a sentence. It seems to us abundantly clear that the trial judge is not only authorized to consider the subsequent criminal conduct of the defendant, but that his failure to do so could well result in sentencing absent the requisite relevant and material information." 89 Ill. App. 2d 324, 327, 231 N.E.2d 626, 628.

We also note that courts have determined that procedures similar to the one at issue in this case do not violate the guaranty against double jeopardy. For example, the supreme court has determined that at sentencing the introduction of evidence concerning a defendant's prior criminal conviction, as evidence in aggravation, does not violate the double jeopardy clause. (*People v. Eldredge* (1969), 41 Ill. 2d 520, 244 N.E.2d 151.) In such a case, the evidence of the criminal conduct is considered first in the proof to support the prior conviction and then in aggravation at the sentencing for the subsequent offense. Here, evidence of the criminal conduct was considered first in aggravation at the sentencing for another offense and then in proof of the instant offense. Logically, the sequence of the manner in which the evidence is considered should not determine whether the offender has been twice placed in jeopardy.

Here, the trial judge stated that evidence of the burglary offenses was the *sole* reason he imposed periodic imprisonment as a condition of probation for the thefts. Defendant places significance on the evidence being the sole reason for the greater severity of the sentence. We do not agree. The theory of *Eldredge* is that the defendant in that case was being punished for the offense for which he was charged and that consideration of the other offense in determining that punishment did not amount to punishing the defendant for the other offense. This would be so regardless of whether evidence of the other offense was the sole reason for aggravating a sentence or only one of several reasons for doing so.

We hold that the procedure used did not violate constitutional double jeopardy provisions and, accordingly, we affirm.

Affirmed.

MILLS, P.J., and MILLER, J., concur.