THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOZSEF FERCSI, Defendant-Appellant.

First District (5th Division)   No. 1—86—3592

Opinion filed October 25, 1991.

Randolph N. Stone, Public Defender, of Chicago (Richard E. Gade, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MURRAY delivered the opinion of the court:

This case is back before this court on remand from the Illinois Supreme Court. In the first instance, defendant Jozsef Fercsi (Fercsi) appealed his conviction for murder and we reversed (*People v. Fercsi* (1989), 182 Ill. App. 3d 13, 537 N.E.2d 912), based upon the opinion issued by the Illinois Supreme Court in *People v. Reddick* (1988), 123 Ill. 2d 184, 526 N.E.2d 141. The State appealed our decision and the supreme court reversed and issued a mandate that we consider the remaining issue not addressed in the original appeal. (*People v. Shields* (1991), 143 Ill. 2d 435, 575 N.E.2d 538.) The one issue presently before this court is whether Fercsi's 30-year sentence was improper because the trial court considered facts implicit in the offense as an aggravating factor.

The facts of this case were set forth in our first opinion in this matter and in the supreme court opinion. However, we shall reiterate them here.

Fercsi was found guilty by a jury of the September 1985 murder of Tiberiu Paratei (Paratei). The evidence presented at trial indicated that Fercsi, Paratei and Robert Flowers were residents of a rooming house at 1622 West Winnemac in Chicago. On September 21, 1985, Fercsi and Paratei were at Flowers' apartment drinking throughout the evening. Flowers showed them some photos of his daughter, and Fercsi became offended when Paratei made sexually oriented remarks about her. Fercsi insisted that Paratei apologize to Flowers, which Paratei later did. However, Fercsi and Paratei continued to argue.

Flowers left the room for a few minutes and upon his return he found Paratei's body lying across the threshold of the room, his feet sticking out into the hallway and his head inside the room. Fercsi was standing over Paratei, wielding a hammer, striking Paratei repeatedly about the head.

Chicago police officer Skwarski testified that on September 21, 1985, he responded to a police call concerning a battery in progress at 1622 West Winnemac. Upon arriving at that location, he proceeded to the second floor and found Fercsi standing over the body of Paratei. Skwarski placed Fercsi under arrest and advised him of his constitutional rights.

Fercsi then told the officer that he and Paratei had been drinking in Flowers' room, that he had argued with Paratei, and then left

Flowers' room. Paratei came to Fercsi's room, kicked at the door, and in response Fercsi grabbed a pipe and struck Paratei in the stomach and head. As Paratei staggered back, Fercsi obtained a hammer from a bag of tools in his room, returned to Paratei and struck him several times in the head with the hammer. Fercsi gave similar statements to the investigating detectives and an assistant State's Attorney. Fercsi also admitted during questioning that he had placed a knife in Paratei's hand after the incident to bolster his claim that Paratei had been the first aggressor.

The Cook County medical examiner, who performed the autopsy on Paratei, graphically described the injuries which caused Paratei's death. He testified that there were numerous head and facial lacerations, as well as approximately 20 separate and interlocking skull fractures and severe laceration to the brain itself, indicative of forceful and repeated blunt trauma. He concluded that Paratei died as a result of severe cranial and cerebral injury caused by multiple blunt trauma injury to the head.

The jury was instructed on murder and the unreasonable belief form of voluntary manslaughter and found Fercsi guilty of murder. We reversed the conviction based upon the *Reddick* decision, which held that the pattern jury instructions for murder and involuntary manslaughter were erroneous when given together. However, the supreme court reversed, finding that the error was harmless beyond a reasonable doubt in this case. The supreme court held that "the evidence in support of the murder conviction is so clear and convincing that the jury's verdict would not have been different had correct instructions been used." *People v. Shields* (1991), 143 Ill. 2d 435, 450.

We now turn our attention to the issue to be addressed in this opinion, *i.e.*, whether the sentence imposed was improper. At sentencing, the State requested an extended term contending that Fercsi's repeated use of a pipe and a hammer to kill Paratei evidenced "wanton cruelty." The trial court rejected the request for an extended term, but imposed a 30-year sentence, 10 years above the statutory minimum term for the offense (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)), finding the circumstances of the murder to be "brutal."

Fercsi, a first offender, contends that the sentencing court erred. He argues (1) that the brutality of the incident is not a statutorily authorized consideration when fixing a nonextended term and (2) that the acts which were characterized as brutal evidenced the intent element of the offense, so that they should not have been relied upon as an aggravating factor to increase the severity of the sentence.

■ Although we agree that the sentence is a severe one, we must affirm it. The imposition of a sentence is a matter of judicial discretion, and absent a clear indication of an abuse of that discretion, the sentence imposed may not be altered. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) We find no such abuse of discretion.

In this case the trial court never discussed an extended-term sentence, despite the State's request that one be imposed. Thus, this case is unlike the *Killen* case (*People v. Killen* (1982), 106 Ill. App. 3d 65, 435 N.E.2d 789), cited to by Fercsi. In *Killen* the trial court bypassed or "short circuited" the sentencing procedure by imposing the maximum nonextended term without considering factors in aggravation and mitigation, merely because it believed it could have sentenced the defendant to an extended term due to the brutal and heinous nature of the offense. Furthermore, the premise in *Killen*, that the brutal and heinous nature of the crime may not be considered except when imposing an extended term, has since been repeatedly rejected. See *People v. Posedel* (1991), 214 Ill. App. 3d 170, 573 N.E.2d 256; *People v. Compton* (1990), 193 Ill. App. 3d 896, 550 N.E.2d 640; *People v. Jorgensen* (1989), 182 Ill. App. 3d 335, 538 N.E.2d 758; *People v. Butts* (1985), 135 Ill. App. 3d 132, 481 N.E.2d 987.

In the case at bar, the record shows that the trial court considered the fact that the offense of murder carries a sentencing range of 20 to 60 years, and that any murder, regardless of its nature and circumstances, would be susceptible to a minimum sentence of 20 years. It then balanced the fact that Fercsi was a first offender with no history of violence or criminal activity against the fact that the murder was a physically brutal one, where the victim was bludgeoned repeatedly on the head with a hammer.

■ We find no error in the court's consideration of the nature and circumstances of the offense in fashioning an appropriate sentence within the sentencing range. The fact that Fercsi is a first-time offender is nothing more than one mitigating factor to have been considered along with any other mitigating and aggravating factors that were present. *People v. Tatum* (1989), 181 Ill. App. 3d 821, 537 N.E.2d 875.

As a general proposition of law, Fercsi is correct in stating that a factor implicit in the offense may not be used as an aggravating factor in sentencing absent a clear legislative intent. (*People v. Ferguson* (1989), 132 Ill. 2d 86, 547 N.E.2d 429.) However, that proposition of law is inapplicable in this instance. We are not convinced that the brutal manner in which this offense was committed, although indicative of murderous intent, could not be considered when imposing the sen-

772

tence. (See *People v. Barney* (1982), 111 Ill. App. 3d 669, 444 N.E.2d 518.) Although the fact that Fercsi struck his victim in the head with a pipe and a hammer certainly supports a finding that he intended to cause death or serious bodily harm, the unnecessary and excessively violent nature of the acts, *i.e.*, the fact that Fercsi hit Paratei with a pipe and then, while Paratei was incapacitated, procured a hammer and delivered numerous blows to Paratei's head with it, may also be considered as an aggravating factor.

Accordingly, we affirm the sentence imposed.

Affirmed.

LORENZ, P.J., and McNULTY, J., concur.