THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JERMAINE AMMONS, Defendant-Appellant.

Third District No. 3—92—0564

Opinion filed October 7, 1993.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

A jury convicted the defendant, Jermaine Ammons, of first degree murder. He was thereafter sentenced to 50 years' imprisonment. He appeals, alleging the trial court erred by allowing the State to replay an audiotape of his statement to the police during rebuttal closing argument. We reverse.

The record of the trial shows that on October 13, 1991, two of the State's witnesses were riding around Joliet in a Chevrolet Blazer owned by a member of the Vice Lords gang. While driving along Woodruff Road, they saw a group of people standing on a street corner. One of the persons in that group walked onto the street and began firing a gun at them, while several others also fired shots at them. Several of the bullets hit the Blazer. One of the bullets went through a wall of a nearby home and hit the victim, Ola Kelly, causing her death.

Detective Thomas Stein testified that he spoke to the defendant about the shooting. Defendant acknowledged he was a member of the Gangster Disciples gang. He told Stein that he and two other people

saw the Blazer and knew it belonged to a rival gang member. The defendant said that each of them had a gun and was firing at the Blazer. The defendant never told Stein that he was just trying to scare the individuals in the Blazer.

Stein also testified that the defendant later gave a lengthy statement on audiotape concerning the incident. This tape was introduced into evidence and played to the jury during Stein's testimony.

The defendant's trial testimony was substantially the same as his taped statement, except that at trial he testified that he only fired the shots to scare the occupants of the Blazer. He claimed he did not aim at or intend to hit the people in the vehicle. In fact, most of the shots he fired hit trees.

In closing argument, defense counsel argued that the tape was not a fair characterization of the defendant's thoughts when he began talking to the police. In rebuttal, the State asked the trial court for permission to replay the defendant's taped statement. Over defense counsel's objection, the 18-minute tape was replayed in its entirety for the jury.

On appeal, the defendant argues that the trial court erred in permitting the State to replay his taped statement. Specifically, he alleges that replaying of the tape tended to overemphasize the State's most critical piece of evidence. The State responds that no error occurred, or, if error did occur, it was invited or harmless.

We initially note that reading from a trial transcript during closing arguments is improper. The jury must pass upon the whole testimony free of the overemphasis given any portion of it by verbatim repetition during the trial's waning moments. See *People v. Hoggs* (1974), 17 Ill. App. 3d 67, 307 N.E.2d 800; *People v. Willy* (1921), 301 Ill. 307, 133 N.E. 859.

■ Based on the foregoing principles, we find that allowing the State to replay the 18-minute audiotape during its rebuttal closing argument was improper. Allowing such evidence to be reintroduced dramatically overemphasized its credibility. As such, the defendant was severely prejudiced.

■ We also find that the error was not invited by the defendant. Defense counsel did comment on the tape in his closing argument. However, we note that he was merely questioning the credibility of the statement. He argued that when the defendant made the taped statement he had been talking to the police for over two hours and, as such, the tape was not the original version of what was on the defendant's mind when he shot at the victims. We find that defense counsel's comments did not amount to an invitation for the State to

replay the entire tape. At most, they were comments the State could have objected to as a mischaracterization of the evidence. The proper procedure would then have been for the State to ask the court to strike the comments from the record.

■ We also decline to find that the error was harmless. While error may be harmless where the evidence of the defendant's guilt is overwhelming (see *People v. Bryant* (1983), 94 Ill. 2d 514, 447 N.E.2d 301), that situation does not exist in the case at hand. Here, in order to obtain a murder conviction, the State needed to show that the defendant intended to kill the individuals in the Blazer. The most critical piece of evidence used to establish this fact was the defendant's taped statement. The State had little other evidence to establish the defendant's intent. Defendant testified at trial that he did not shoot at anyone and only fired shots into the trees in an attempt to scare the individuals.

The judgment of the circuit court of Will County is reversed and this case is remanded for a new trial.

Reversed and remanded.

McCUSKEY, P.J., and STOUDER, J., concur.