637 N.E.2d 789 (1994)
265 Ill.App.3d 74
202 Ill.Dec. 250
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Christopher GROSS, Defendant-Appellant.
No. 2-93-0393.
Appellate Court of Illinois, Second District.
July 14, 1994.
*790 G. Joseph Weller, Deputy Defender, Thomas A. Lilien, Asst. Defender, Office of the State Appellate Defender, Elgin, for Christopher Gross.
Daniel A. Fish, Lee County State's Atty., Dixon, William L. Browers, Deputy Director, Lawrence M. Bauer, State's Attys. Appellate Prosecutors, Elgin, for the People.
Presiding Justice INGLIS delivered the opinion of the court:
This case presents an issue of first impression to this district: the use of videotape evidence during closing argument. Defendant, Christopher Gross, appeals his conviction and sentence in the circuit court of Lee County for involuntary manslaughter (720 ILCS 5/9-3 (West 1992)). A jury convicted defendant in connection with the July 8, 1992, death of the infant son of defendant's girlfriend, Kelly Botts. The trial court sentenced defendant to an extended term of seven years' imprisonment. On appeal defendant contends that the trial court erred in permitting the prosecutor during closing argument and rebuttal to replay excerpts from a videotaped interview. He also contends that the extended sentence constitutes an abuse of discretion. We affirm.
*791 Testimony indicated that on the morning of July 8, 1992, around 8:30 a.m., Botts left her two sons, a 2-year-old and a 10-month-old, in defendant's care. The infant cried incessantly, and around 10 a.m. defendant shook him and squeezed him to stop the crying. A neighbor across the street heard the infant cry and then scream. When defendant returned the infant to his crib, the infant continued to cry, so defendant backhanded him across the face. Botts returned home about 2 p.m.
The infant's condition deteriorated throughout the day. In the evening, around 7 p.m., defendant and Botts found him pale and nonresponsive, his eyes rolled back into his head. Botts took the infant to the hospital, where he was pronounced dead on arrival at about 7:35 p.m. The infant's body was bruised on the back and neck, and to a lesser extent on his distended abdomen. The internal autopsy indicated peritonitis (a tear in the colon) and consequences therefrom as the cause of death. A doctor testified for the State that the tear could be caused by squeezing the abdomen hard enough to cause the chest to touch the spine.
The State entered into evidence a videotape of a police interview with defendant. During closing argument, the court permitted the prosecutor to replay certain portions of the tape for the purpose of pointing out inconsistencies within the taped interview and inconsistencies between the taped interview and defendant's trial testimony. The jury then returned a verdict of guilty of involuntary manslaughter, and the court imposed sentence.
Defendant first contends that the trial court denied him a fair trial by allowing the prosecutor to replay excerpts from the videotape, because this replay placed undue emphasis on the contents of the interview. The parties seem to agree that the replaying of parts of the tape during closing argument is analogous to reading from the record during closing argument. We agree. (See People v. Ammons (1993), 251 Ill.App.3d 345, 190 Ill.Dec. 648, 622 N.E.2d 58.) A trial court's decision to allow counsel to read from the record during closing argument will not be disturbed absent an abuse of discretion. People v. Pierce (1974), 56 Ill.2d 361, 364, 308 N.E.2d 577; People v. Davies (1977), 50 Ill.App.3d 506, 513, 8 Ill.Dec. 390, 365 N.E.2d 628.
Upon defendant's objection, the trial court initially denied the prosecutor permission to play the entire 45-minute videotape during closing argument. Following argument on the propriety of this request, the court permitted the presentation of excerpts for the purpose of demonstrating inconsistencies. The prosecutor presented these eight excerpts during closing: (1) defendant states that he lost his temper when he struck the infant; (2) defendant states that he was more scared than mad when he "freaked out" and struck the infant; (3) defendant indicates that he could possibly have bruised the infant when he squeezed him; (4) defendant states that the infant was alive but not "fine" when defendant left; (5) defendant states that the infant cried worse when shaken; (6) defendant states that the infant did not cry worse when shaken; (7) defendant answers that he does not know or does not think he squeezed the infant hard enough to cause his bowels to descend; and (8) defendant answers that it is possible that he squeezed the infant hard enough to cause his bowels to descend.
During rebuttal, the prosecutor presented an excerpt wherein defendant asserts that the infant's mother admitted beating her children daily and admitted beating one of them thoroughly on the night before the infant's death. The prosecutor argued here that if this were true, the statement would have been made earlier in the interview.
Properly admitted evidence may be displayed during closing argument. (People v. Eckles (1980), 83 Ill.App.3d 292, 301, 38 Ill.Dec. 934, 404 N.E.2d 358.) A prosecutor may summarize during closing and dwell at length on the testimony of a particular witness. (Davies, 50 Ill.App.3d at 514, 8 Ill.Dec. 390, 365 N.E.2d 628.) The excerpts here comprised a small fraction of the entire tape, an even smaller fraction of the entire record. Each was presented to demonstrate an inconsistency either with other statements on the tape or with testimony. Under these circumstances, we find no abuse of discretion *792 in the decision to allow the replay of limited excerpts of videotaped evidence for the purpose of summary during closing argument.
Defendant's reliance on Ammons, 251 Ill.App.3d 345, 190 Ill.Dec. 648, 622 N.E.2d 58, People v. Williams (1983), 97 Ill.2d 252, 73 Ill.Dec. 360, 454 N.E.2d 220, and People v. Franklin (1990), 135 Ill.2d 78, 142 Ill.Dec. 152, 552 N.E.2d 743, is misplaced. In Ammons, a conviction was reversed where the State replayed an 18-minute audiotaped statement in its entirety during closing argument. (Ammons, 251 Ill.App.3d at 347, 190 Ill.Dec. 648, 622 N.E.2d 58.) There, the taped statement was substantially similar to the defendant's testimony, so that replaying it in its entirety placed undue emphasis on its contents. Ammons, 251 Ill.App.3d at 347, 190 Ill.Dec. 648, 622 N.E.2d 58.
Unlike the recorded statement in Ammons, the statement in this case was substantially dissimilar to defendant's testimony. Replaying excerpts did not place undue emphasis on the contents of the recorded statement. Rather, it facilitated the demonstration of inconsistencies. Thus, Ammons is inapposite.
Williams concerns, among other issues, the admissibility of a 30-page written confession during a capital sentencing hearing. (Williams, 97 Ill.2d at 291, 73 Ill.Dec. 360, 454 N.E.2d 220.) Franklin addresses the propriety of permitting a jury to review transcripts of testimony during deliberation. (Franklin, 135 Ill.2d at 104, 142 Ill.Dec. 152, 552 N.E.2d 743.) Clearly, these cases are also inapposite.
Defendant next contends that the trial court abused its discretion by relying on the brutality and heinousness of his offense to find him eligible for an extended term. Defendant admits that he is eligible for an extended term under sections 5-5-3.2(b)(1) and (b)(4)(i) of the Unified Code of Corrections (730 ILCS 5/5-5-3.2(b)(1), (b)(4)(i) (West 1992)), both as a convicted felon and because the victim was under 12 years of age. He contends that the court erred in also considering the brutality of his offense, which brutality, he asserts, was not "exceptional," as required by section 5-5-3.2(b)(2) (730 ILCS 5/5-5-3.2(b)(2) (West 1992)).
Where the imposition of an extended term may be sustained on the basis of one of the trial court's findings of eligibility, we will not address the propriety of another basis. (See People v. Ratzke (1993), 253 Ill.App.3d 1054, 192 Ill.Dec. 849, 625 N.E.2d 1004; People v. Hamilton (1980), 81 Ill.App.3d 297, 36 Ill.Dec. 637, 401 N.E.2d 318.) Because defendant admits his eligibility for an extended term under subparagraphs (1) and (4) of the extended sentencing provisions, we will not address his eligibility under subparagraph (2). (730 ILCS 5/5-5-3.2(b)(1), (b)(2), (b)(4) (West 1992).) Accordingly, we find no abuse of discretion in the decision to impose an extended sentence.
Finally, defendant contends that in weighing factors in mitigation and aggravation to determine the length of the extended term, the sentencing court improperly considered the fact that defendant's conduct caused serious physical harm and death and the fact that defendant should have known his conduct would cause serious bodily harm. The State contends, and we agree, that the record does not indicate reliance on physical harm and contemplation of physical harm as factors in aggravation. The record instead indicates that these points are included as rejections of the first two factors in mitigation.
The Unified Code of Corrections provides lists of the mitigating and aggravating factors a court shall consider in sentencing a criminal defendant. (730 ILCS 5/5-5-3.1, 5/5-5-3.2 (West 1992).) That an offense causes no serious physical harm is the first factor to be considered in mitigation. (730 ILCS 5/5-5-3.1(a)(1) (West 1992).) That an offense does cause serious physical harm is the first factor to be considered in aggravation (730 ILCS 5/5-5-3.2(a)(1) (West 1992)), except where serious physical harm is elemental to the offense. (See People v. Saldivar (1986), 113 Ill.2d 256, 100 Ill.Dec. 776, 497 N.E.2d 1138; People v. Pierce (1991), 223 Ill.App.3d 423, 165 Ill.Dec. 859, 585 N.E.2d 255.) That the defendant did not contemplate that his actions would cause serious physical harm is the second factor to be *793 considered in mitigation. 730 ILCS 5/5-5-3.1(a)(2) (West 1992).
The sentencing court considered the present case at length. The court listed the following considerations in mitigation and aggravation, without specifying which factors came from which list: (1) the offense did cause serious harm; (2) although defendant was convicted of a crime of reckless intent, he should have known his actions would cause serious harm; (3) defendant was not provoked; (4) defendant was not coerced; (5) defendant was a convicted felon on probation at the time of the offense; (6) defendant exhibited remorse but did not accept responsibility; (7) the unlikelihood of recurrence would remain questionable until defendant accepted responsibility; (8) defendant was not particularly likely to comply with the terms of probation, in light of his inability to comply with the terms of his present probation; (9) incarceration would not impose hardship on defendant's dependents; (10) incarceration would not endanger defendant's medical condition; (11) defendant has a job waiting if released; (12) defendant violated a trust in the position of caretaker; and (13) other caretakers must be deterred from committing similar offenses.
The court's list of considerations follows the list of mitigating factors seriatim, sections 1 through 3, 5, and 7 through 12 (730 ILCS 5/5-5-3.1(a)(1), (a)(2), (a)(3), (a)(5), (a)(7), (a)(8), (a)(9), (a)(10), (a)(11), (a)(12) (West 1992)), and then proceeds to the relevant factors in aggravation, skipping duplicative factors, and including factors 7 and 14 (730 ILCS 5/5-5-3.2(a)(7), (a)(14) (West 1992)). The court's list indicates a seriatim review first of the mitigation list and then of the aggravation list, and not vice versa. Most telling is that the contemplation of harm factor is second on the mitigation list and does not appear on the first list. Thus it appears that the court rejected the first two potential mitigation factors, then rejected several other potential mitigation factors, before addressing the potential aggravation factors. The court's orderly review of each factor supports the State's position. We find that the trial court did not consider in aggravation the harm caused or the fact that defendant should have known his actions would cause harm.
Even were we to find that the court improperly considered these factors, vacatur of the sentence would not be warranted. Defendant asserts that Saldivar and People v. Martin (1988), 119 Ill.2d 453, 116 Ill.Dec. 669, 519 N.E.2d 884, require reversal if the trial court improperly relied on these factors. On the contrary, Saldivar and Martin require vacatur where the court focuses on these factors above all other factors. (Saldivar, 113 Ill.2d at 272, 100 Ill.Dec. 776, 497 N.E.2d 1138; Martin, 119 Ill.2d at 462-63, 116 Ill.Dec. 669, 519 N.E.2d 884; see also People v. Bolden (1991), 210 Ill.App.3d 940, 155 Ill.Dec. 416, 569 N.E.2d 597.) The court in the present case thoroughly examined each relevant statutory factor in mitigation and in aggravation. The record does not indicate that the court emphasized or focused on these two factors.
The trial court has broad discretion in sentencing a criminal defendant. (People v. La Pointe (1981), 88 Ill.2d 482, 492, 59 Ill.Dec. 59, 431 N.E.2d 344; People v. Nitz (1993), 242 Ill.App.3d 209, 228, 183 Ill.Dec. 45, 610 N.E.2d 1289.) A reviewing court must give great deference to the trial court's decision, because that court is usually better equipped than the reviewing court to determine the punishment to be imposed. (La Pointe, 88 Ill.2d at 492, 59 Ill.Dec. 59, 431 N.E.2d 344; Nitz, 242 Ill.App.3d at 228, 183 Ill.Dec. 45, 610 N.E.2d 1289.) The weight to be accorded each of the statutory factors in mitigation and aggravation depends on the facts and circumstances of each case. (People v. Fercsi (1991), 221 Ill.App.3d 768, 771, 164 Ill.Dec. 479, 583 N.E.2d 33; People v. Tatum (1989), 181 Ill.App.3d 821, 826-27, 130 Ill.Dec. 546, 537 N.E.2d 875; People v. Piontkowski (1979), 77 Ill.App.3d 994, 996, 33 Ill.Dec. 703, 397 N.E.2d 36.) A reviewing court will not disturb the sentencing court's decision in this regard if the record supports its determination. (Fercsi, 221 Ill.App.3d at 771, 164 Ill.Dec. 479, 583 N.E.2d 33; Tatum, 181 Ill.App.3d at 826-27, 130 Ill.Dec. 546, 537 N.E.2d 875; Piontkowski, 77 Ill.App.3d at 996, 33 Ill.Dec. 703, 397 *794 N.E.2d 36.) Because the record supports the trial court's decision in sentencing defendant, we find no abuse of discretion.
Defendant fails to demonstrate that the trial court abused its discretion in any way. Permitting the State to present excerpts from the taped interview during closing arguments did not place undue emphasis on the tape's contents. Sentencing was conducted properly with due consideration to all relevant factors and no consideration to improper factors.
The circuit court of Lee County is therefore affirmed.
Affirmed.
McLAREN and PECCARELLI, JJ., concur.