THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TONY RAY JONES, Defendant-Appellant.

Fourth District   No. 4—85—0424

Opinion filed March 31, 1986.—Rehearing denied April 17, 1986.

Daniel D. Yuhas and Deborah L. Rose, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn Klingler, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MORTHLAND delivered the opinion of the court:

An indictment was filed in case No. 84CF1617, in the circuit court of Champaign County on December 13, 1984, charging the defendant in two counts with the offense of theft with a prior theft conviction pursuant to section 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 16—1). The offense allegedly occurred on November 23, 1984.

An indictment filed in case No. 85CF72 on January 21, 1985, charged the defendant with burglary and theft with a prior theft conviction pursuant to sections 19—1 and 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, pars. 19—1, 16—1). These offenses allegedly occurred on January 24, 1985.

On March 4, 1985, the defendant entered a plea of guilty to count I of the indictment in case No. 84CF1617, and count II was dismissed. The cause was scheduled for a sentencing hearing on May 3, 1985.

Cause No. 85CF72 was tried by jury, and on April 11, 1985, the jury returned verdicts of guilty on both the burglary and theft charges. This case was likewise scheduled for a sentencing hearing on

May 3, 1985.

On May 3, 1985, the court sentenced the defendant to the Department of Corrections for a term of four years for the offense of burglary, and to a term of three years for the offense of theft with a prior theft conviction in cause No. 85CF72. He was, at the same time, sentenced in cause No. 84CF1617 to a term of three years in the Department of Corrections for the offense of theft with a prior theft conviction. All sentences were to be served concurrently.

The defendant challenges his sentences on appeal, contending that the trial court abused its discretion by questioning the defendant concerning the source of drugs he obtained and regularly used. The court also allegedly abused its discretion by sentencing the defendant to three years' imprisonment in cause No. 84CF1617. The defendant appears to argue that the court erroneously based that sentence upon the fact that he was sentenced to three years for the theft with a prior theft conviction and to four years for burglary in cause No. 85CF72.

The presentence report indicates the following: (1) the defendant had a prior theft conviction and a prior conviction for theft with a prior theft conviction before his involvement in theft in cause No. 84CF1617; (2) that the defendant had been on probation for approximately one month on a theft charge when he committed the offense in cause No. 84CF1617; (3) he was on bond in cause No. 84CF1617 when he committed the offenses in cause No. 85CF72; (4) that he applied to the TASC program for examination concerning eligibility for drug treatment; (5) that TASC determined that defendant was an addict, but after asking for drug treatment the defendant refused to volunteer for treatment; and (6) that defendant told the court service department that prior to his incarceration he was supporting a $100 per day cocaine and heroin addiction.

At the sentencing hearing, the State asked that the defendant be sentenced to the Department of Corrections for four years for burglary and that an appropriate sentence be imposed for the theft with a prior theft conviction.

Counsel for the defendant asked that he be sentenced to intensive probation supervision. Counsel pointed out that the crimes were committed within a short period of time and suggested an assumption that defendant was either trying to get goods that he could sell to support his habit, or food to eat. He pointed out that defendant had spent 99 days in jail and was past the physical withdrawal symptoms and now needed professional counseling to overcome the psychological addiction.

At this point, the trial court asked the defendant if he wanted to speak on the question of the sentence to be imposed. The court pointed out that the defendant did not have to speak if he did not want to.

The defendant stated that as for trying to make intensive probation, "I can definitely make it and I am definitely willing to try and make the program."

At this point, the court inquired about defendant's drug habit, which apparently cost him as much as $100 a day. The defendant replied that this level of drug use existed only during the last year of his four-year habit. Defendant said he was using drugs two or three times each day.

The testimony following, to which defendant objects on appeal, then took place:

"THE COURT: Who did you get it from?

MR. JONES: Associates, people on the street.

THE COURT: Who did you get it from?

MR. JONES: Excuse me—who did I get it from?

THE COURT: Who did you get it from?

MR. JONES: From anyone that I could. I guess, whoever was selling, you know, on the streets.

THE COURT: Who did you get it from?

MR. JONES: I would not buy it.

THE COURT: Watch my lips, Mr. Jones. Who did you get it from?

MR. JONES: Who did I get it from?

THE COURT: Is that a trick question, Mr. Jones?

MR. JONES: Trick question?

THE COURT: You seem to have trouble understanding my question?

MR. JONES: No, I understand okay.

THE COURT: Then answer. Who did you get it from?

MR. JONES: Certain people off the streets. That's what you are asking me.

THE COURT: No, I didn't ask you for certain people off the streets. I am asking who did you get it from? I want you to tell me.

MR. JONES: That's true. Okay, as far as if I was to tell who I got, bought by drugs from and they found out about it, they would more likely try to kill me, and I am pretty sure of it. If I indicate anyone they would try to kill me.

THE COURT: Okay."

The trial court then stated that it considered the evidence, the presentence reports, the arguments of counsel, the defendant's statement, the factors in aggravation and mitigation, and found that imprisonment was necessary for the protection of the public and that probation or conditional discharge would deprecate the seriousness of the defendant's conduct and would be inconsistent with the ends of justice.

The trial court is the proper forum in which to determine a suitable sentence. The trial court's decision in regard to sentencing is entitled to great deference and weight. Absent an abuse of discretion by the trial court a sentence may not be altered upon review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) The trial court is charged with the often difficult and delicate responsibility of fashioning a sentence that will not only protect the interests of society, but will also allow for the possibility of rehabilitation of the offender. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) The trial court may search anywhere, within reasonable bounds, for facts which tend to aggravate or mitigate the offense. *People v. Meeks* (1980), 81 Ill. 2d 524, 411 N.E.2d 9.

The first question we examine is whether by interrogating the defendant as to his source of drugs, the trial court abused its sentencing discretion. We cannot look at this question in a vacuum; rather, it must be considered in view of all of the facts available to the trial court at the time. From the presentence report, the court knew that the defendant first requested treatment as an addict under TASC. The court further knew that the defendant withdrew his request after he had been advised that he qualified for remedial treatment. The report stated that the defendant was supporting a $100-a-day cocaine and heroin addiction. The defendant requested intensive probation supervision, and the court had a duty to determine the likelihood of success of such program in deciding whether such a program should be used for the defendant. The availability and source of defendant's drugs is of paramount importance in considering the probability of success of this program with defendant. If drugs were readily available, the likelihood of success would be remote. The court's inquiry was, therefore, quite legitimate. We further suggest that had the defendant been candid with the trial court and stated in answer to the first question that he feared untimely death should he name his source, the questioning would have terminated immediately. We find no abuse of discretion by the trial court's questions under the facts of this case.

The defendant's second contention is that the sentence of im-

prisonment for three years on his guilty plea was excessive and improper since the court erroneously considered the sentence imposed for burglary in determining the sentence to be imposed on the plea.

Once again, we find no abuse of discretion on the part of the trial court. In *People v. Bankhead* (1984), 123 Ill. App. 3d 137, 462 N.E.2d 899, the defendant was charged with two counts of burglary. He had previously pleaded guilty to two unrelated counts of theft. At the sentencing hearing on the theft charges, the trial court sentenced the defendant to concurrent terms of probation, with the condition that he serve 90-days periodic imprisonment. The trial court noted that the evidence concerning defendant's "subsequent criminal acts" was the only reason for the imposition of the term of periodic imprisonment. In *Bankhead,* the defendant contended that since the burglary evidence was used to increase his sentence on the theft charges, it could not support a separate sentence for burglary. The court held that he could also be sentenced on the burglary charges without offending double jeopardy provisions. The *Bankhead* decision implicitly approves using evidence of subsequent criminal conduct at a sentencing hearing on a prior criminal charge. Moreover, the punishment imposed for that subsequent conduct can properly be considered by the trial court.

Misdeeds occurring up to the time of sentencing, whether before the finding of guilty or subsequent, are relevant as they go to the defendant's "history and character." *People v. Young* (1985), 138 Ill. App. 3d 130, 136, 485 N.E.2d 443, 446.

The trial court stated at the sentencing hearing that the sentences were based on the evidence at trial, the presentence reports, arguments of counsel, and all the statutory factors in aggravation and mitigation. We find that the sentences were warranted considering all of the factors before the court at the time.

We find no error, and the judgment of the circuit court of Champaign County is affirmed.

Affirmed.

McCULLOUGH, P.J., and GREEN, J., concur.