829 So.2d 368 (2002)
Christopher N. DOWLING, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-3085.
District Court of Appeal of Florida, Fourth District.
November 6, 2002.
*369 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
Defendant appeals his sentence after entering a plea of no contest to possession of cocaine, possession of 20 grams or less of cannabis, and use or possession of drug paraphernalia. A single issue is raised: whether the trial court erred in sentencing the defendant to five years in Florida State Prison? We answer the question in the negative and affirm the sentence.
The State obtained an arrest warrant for the defendant for the offenses of delivery of a controlled substance to a minor, attempt to engage in sexual activity with a person between the ages of 12 and 18, and lewd and lascivious molestation of a person between the ages of 12 and 18. While arresting the defendant, law enforcement also executed a search warrant at the defendant's home. At that time, law enforcement found cocaine on the floor of the living room, and a smoking device, which tested positive for cocaine and marijuana.
The State filed an information and charged the defendant with lewd or lascivious molestation on a person between the ages of 12 and 16, and four counts of delivery of a controlled substance to a minor. In another case, the State charged the defendant with possession of cocaine, possession of 20 grams or less of cannabis, and use or possession of drug paraphernalia found during the execution of the search warrant. The State consolidated the two cases. The defendant pleaded no contest to the three possession charges and the matter was set for sentencing.
At the sentencing, the State conceded that it could not prove the charges in the original case and dismissed them. However, the prosecutor asked the trial court to consider the evidence relating to those charges in determining an appropriate sentence. The prosecutor stated: "the fact that there is evidence he gave drugs to children should go to his sentencing." The State sought the maximum sentence of five years incarceration on the possession of cocaine charge.
One of the officers testified about the sequence of events leading up to the defendant's arrest: the anonymous allegations of child abuse made to the Department of Children and Families [DC & F], the D C & F's investigation, and the information obtained from the officer's interview of the alleged child victims. It was this information that gave law enforcement probable cause to obtain the search and arrest warrants.
The father of two of the alleged minor victims testified to the psychological changes in his daughters. He asked for the maximum sentence. The mother of the other alleged minor victim testified to *370 the changes in her daughter as a result of what had occurred. Another minor testified that he had been offered drugs by the defendant and had seen drugs in the defendant's home. All of this testimony was admitted without objection. Over a defense objection, the court admitted a letter from one of the alleged child victims, who did not testify at the sentencing.
At the conclusion of the testimony, the trial court asked the defense to respond before imposition of sentence. Defense counsel stated:
We've had some, some people come in here and make allegations. Certainly they're entitled to, in a sentencing phase, to say whatever they want to say and whatever credit the court wants to give that, that's up to the Court. Our position is, your Honor, that, that in this particular instance we have a simple possession case and his points would indicate any non-prison sanction. We're asking the Court consider a probationary status.
Defense counsel then asked for standard drug requirements as a special condition of probation.
The court found the defendant guilty on all three possession charges, and sentenced the defendant to five years on the possession of cocaine charge and one year incarceration to run concurrent on the marijuana and paraphernalia charges. In doing so, the court stated: "Mr. Dowling, the defense characterized this as unusual punishment but this is an unusual case." From this sentence, the defendant appeals.
When determining the validity of a sentence, we follow the general rule "that when a sentence is within statutory limits, it is not subject to review by an appellate court." Evans v. State, 816 So.2d 742, 743-44 (Fla. 4th DCA 2002); Howard v. State, 820 So.2d 337 (Fla. 4th DCA Mar.20, 2002). "An exception is made, however, where the defendant's constitutional rights are violated in the imposition of sentence." Evans, 816 So.2d at 744.[1] This occurs when the court relies upon conduct for which the defendant has actually been acquitted. See, e.g., Cook v. State, 647 So.2d 1066 (Fla. 3d DCA 1994); Epprecht v. State, 488 So.2d 129 (Fla. 3d DCA 1986).
There is no doubt that the sentence imposed in this case was legal as it fell within the statutory limits under the Criminal Punishment Code. The case turns then on whether the defendant's constitutional rights were violated by consideration of unproven criminal conduct in the imposition of the five year sentence. We hold that those rights were not violated for the following reasons.
It is clear from the record that the prosecutor used the sentencing hearing to inform the trial court of the conduct surrounding the defendant's arrest. This consisted of alleged criminal conduct, which the state admitted it could not prove beyond a reasonable doubt. The failure of proof, however, was attributable to the minors' inability to identify what the defendant had given them. The prosecutor argued: "This is young girls who brought something to the police's attention, the police followed through and found out that they were right. That's why Mr. Dowling deserves the maximum."
Defense counsel did not object to the testimony from the various witnesses at the sentencing hearing. He cross-examined them extensively. There is no argument *371 that the admission of the testimony was error. Rather, the defendant argues that the trial court erred in imposing the maximum sentence based on allegations of criminal conduct, which the state abandoned.
The United States Supreme Court has held that it is not a violation of a defendant's constitutional rights to consider other relevant factors when determining an appropriate sentence. Roberts v. United States, 445 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980); and Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). In fact, this Court has held that
a trial court can consider a defendant's prior arrests not leading to convictions for purposes of sentencing so long as the court recognizes that these arrests are not convictions or findings of guilt, and the defendant is given an opportunity to explain or offer evidence on the issue of his prior arrests.
Jansson v. State, 399 So.2d 1061, 1064 (Fla. 4th DCA 1981).
In this case, the trial court knew that the defendant had been arrested for other offenses, but also knew that these arrests were not convictions. The State dismissed those charges in front of this trial court. In addition, the defendant was given a full opportunity to explain his position and call his own witnesses. The sentence therefore is affirmed.
GUNTHER and STEVENSON, JJ., concur.
NOTES
[1] The Florida Supreme Court's recent decision in Hall v. State, 823 So.2d 757 calls into question whether any sentence within the time parameters of the Code is appealable, absent a vindictiveness argument.