EN BANC

TAYLOR, J.
Defendant, Sidney Norvil, appeals an order of the trial court denying his motion to withdraw his plea after sentencing and to vacate his sentence. We affirm the order as to the plea withdrawal because the record conclusively shows that the plea was entered into knowingly, freely, and voluntarily without any competency issues. We also affirm the defendant’s sentence, but we write to address his argument that the trial court improperly considered subsequent charges pending against him at sentencing. To clarify the law on this issue, we have elected to consider this case en banc.
The defendant entered an open plea to the charge of armed burglary of a dwelling. Before sentencing, the state filed a sentencing memorandum recommending that the court consider a new charge pending against the defendant for burglary of a vehicle. Defense counsel responded with a sentencing memorandum objecting to the state’s recommendation.
At the sentencing hearing, defense counsel renewed her objection and asked that the court not consider the pending burglary charge. She explained that the defendant, had denied the charge and that she had not had an opportunity to investigate the facts of the case. The trial court, however, inquired about the nature and status of the pending burglary case. The state informed the court that the new charge involved burglary of a retired deputy’s vehicle. The state further advised the trial court that a fingerprint technician’s report revealed that the defendant’s fingerprints were found on CD cases stacked on the center console of the vehicle.
Before pronouncing sentence, the trial court referred to the pending burglary charge, along with a trespass charge to which the defendant had already entered a plea, and noted that both arrests occurred while the defendant was out on bond awaiting trial in this case. The court commented:
We have two Sidney Junior Norvils. We have the Sidney Norvil that [defense counsel] knows and that meets with her, expresses all these positive things about his outlook in life. We have the Sidney Norvil that comes to court respectful, in business attire, conducts himself as a gentleman.
And then we have the Sidney Norvil who acts out on the street and constantly is getting arrested while out on bond, arrested for trespass at a place, at a mall, arrested now for burglary of a *6 retired deputy sheriffs car, with fingerprint identification. And these arrests aren’t distant arrests. These arrests occur while out on bond in this case.
[[Image here]]
[T]he Sidney Norvil that is committing crimes is the Sidney Norvil that’s running around with his friends breaking into people’s cars — breaking into people’s houses.
The trial court declined to sentence the defendant as a youthful offender, and instead sentenced him to twelve years in prison.
The defendant argues that the trial court violated his due process rights during sentencing by improperly considering new charges pending against him. He seeks a reversal of his sentence and remand for resentencing before a different judge.
“Generally, the trial court’s imposition of a sentence that is within the minimum and maximum limits set by the legislature ‘is a matter for the trial [c]ourt in the exercise of its discretion, which cannot be inquired into upon the appellate level.’ ” Nusspickel v. State, 966 So.2d 441, 444 (Fla. 2d DCA 2007) (quoting Shellman v. State, 222 So.2d 789, 790 (Fla. 2d DCA 1969)). However, an exception exists when the trial court considers constitutionally impermissible factors in imposing a sentence. Peters v. State, 128 So.3d 832, 844 (Fla. 4th DCA 2013); Dowling v. State, 829 So.2d 368, 370 (Fla. 4th DCA 2002); Howard v. State, 820 So.2d 337, 339-40 (Fla. 4th DCA 2002).
When a trial court relies on constitutionally impermissible factors in sentencing a defendant, it violates the defendant’s due process rights. See, e.g., Doty v. State, 884 So.2d 547, 549 (Fla. 4th DCA 2004) (holding that the trial court violated the defendant’s due process rights by relying on conduct of which he had actually been acquitted when imposing a sentence); Epprecht v. State, 488 So.2d 129, 131 (Fla. 3d DCA 1986) (same); Nawaz v. State, 28 So.3d 122, 124 (Fla. 1st DCA 2010) (holding that the trial court’s apparent consideration of the defendant’s national origin during sentencing amounted to a due process violation and required resentencing by a different judge). A de novo standard of review applies to a claim that the trial court committed a sentencing error that rendered the sentence illegal. State v. Valera, 75 So.3d 330, 331-32 (Fla. 4th DCA 2011); Etienne v. State, 15 So.3d 890, 893 (Fla. 4th DCA 2009) (citing Jackson v. State, 925 So.2d 1168, 1170 n. 1 (Fla. 4th DCA 2006)).
Here, the defendant claims that the trial court violated his due process rights at sentencing by considering a pending charge that resulted from an arrest which occurred after the crime for which he was being sentenced. He cites Seays v. State, 789 So.2d 1209, 1210 (Fla. 4th DCA 2001), to support his argument that while prior arrests may be considered, subsequent arrests may not.
In Seays, the defendant was tried by jury and found guilty of burglary of a conveyance with a battery. At sentencing, the state informed the trial court that the defendant had been charged with attempted murder of the same victim based on acts he committed two days after the burglary and battery. The state requested a sentence at the top of the guidelines. Noting that “serious charges are pending now on Mr. Seays,” the trial court sentenced the defendant to the maximum sentence under the guidelines. Id. at 1209.
Mr. Seays appealed, arguing that the trial court erred in considering the pending attempted murder charge in sentencing him. Id. He relied on Reese v. State, 639 So.2d 1067 (Fla. 4th DCA 1994), and *7 State v. Potts, 526 So.2d 63 (Fla.1988). In Reese, the trial court considered argument by the state at the sentencing hearing that the defendant was a principal in other drug transactions. We held that the trial court erred in considering the state’s argument because there was no record evidence to support it. Although the state had information that Reese had shown up in other drug sting videos, the state conceded that it lacked a prima facie case against him on any additional drug charges. We reversed the defendant’s sentence, stating that “unsubstantiated allegations of misconduct may not be considered by a trial judge at a criminal sentencing hearing and to do so violates fundamental due process.” 639 So.2d at 1068. We noted our previous holding in Jansson v. State, 399 So.2d 1061, 1064 (Fla. 4th DCA 1981), “that a trial court can consider a defendant’s prior arrests not leading to convictions for purposes of sentencing so long as the court recognizes that these arrests are not convictions or findings of guilt, and the defendant is given an opportunity to explain or offer evidence on the issue of his prior arrests.” However, we rejected the sentencing court’s use of “unsupported speculations” that went “far beyond what was approved in Jansson.” Reese, 639 So.2d at 1068.
In Seays, the state relied on Jansson to argue that the trial court did not err in considering the pending attempted murder charge. However, we distinguished Jansson because in that case the trial court considered the defendant’s prior arrests, rather than a subsequent arrest, and also allowed the defendant to offer explanations. Seays, 789 So.2d at 1210. We reversed Mr. Seays’ sentence and remanded for resentencing before a different judge. Id.
Although some courts have interpreted our reversal in Seays to be because the attempted murder charge arose subsequent to the offense for which the defendant was being sentenced,[1] our court has had different views on the basis for the reversal. In a recent case, we interpreted the reversal of the sentence in Seays as the result of the trial judge’s consideration of subsequent arrests. See Peters, 128 So.3d at 845 (citing Seays for its reversal of a sentence where the judge considered subsequent arrests). However, in an earlier case, we construed the reversal of the sentence as being based upon the defendant’s later acquittal of the attempted murder charge. See Whitehead v. State, 21 So.3d 157, 160 (Fla. 4th DCA 2009) (holding that the trial court was authorized to consider pending charges against the defendant and distinguishing Seays because the defendant in Seays had been acquitted of the pending charge).[2]
*8 We reiterated in Whitehead that a court can consider pending charges if they are relevant for sentencing purposes. 21 So.3d at 160 (citing Dowling, 829 So.2d at 371 and Jansson, 399 So.2d at 1064). Dowling explained that “[t]he United States Supreme Court has held that it is not a violation of a defendant’s constitutional rights to consider other relevant factors when determining an appropriate sentence.” 829 So.2d at 371 (citing Roberts v. United States, 445 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980) and Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949)).
In Whitehead, the defendant was sentenced for possession of cannabis less than 20 grams, contributing to the delinquency or dependency of a child, and delivery of a controlled substance to a minor. 21 So.3d at 158. He appealed his sentence, arguing, among other things, that the trial court improperly considered pending charges from another county. The pending charges were for unlawful sex acts with a minor in Indian River County. Finding the pending charges relevant to sentencing because it involved the defendant’s conduct toward minors, we affirmed the sentence. Id. at 160. We noted that the trial court reviewed the arrest affidavit in the pending case, which contained the defendant’s confession, and that the trial court gave the defendant an opportunity to explain or present evidence, consistent with Dowling. Id.
Whitehead, unlike Seays, involved pending charges stemming from a prior arrest. Id. Seays concerned a pending charge that arose from a subsequent arrest, i.e., an arrest that occurred after the crime for which the sentence was being imposed. 789 So.2d at 1209. As discussed above, Seays could reasonably be interpreted as holding that subsequent arrests are improper considerations in sentencing. However, we see no significant difference between prior arrests and subsequent arrests for sentencing purposes, particularly where charges are still pending from the prior or subsequent arrest at the time of sentencing. In both circumstances, the sentencing court will have to ensure the relevance and reliability of information presented regarding the alleged criminal activity and allow the defendant an opportunity to explain or rebut those charges. Further, if the defendant has been acquitted of charges stemming from a prior or subsequent arrest, the trial court is prohibited from considering the arrest. See Townsend v. Burke, 334 U.S. 736, 740-41, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); Doty, 884 So.2d at 549; Epprecht, 488 So.2d at 131.
Federal courts and the majority of state courts have permitted a trial court to consider pending charges in imposing a sentence. See B.H. Glenn, Annotation, Court’s Right, in Imposing Sentence, to Hear Evidence of, or to Consider, Other Offenses Committed by Defendant, 96 A.L.R.2d 768, § 2 (1964 & Supp.); Daniels v. Commonwealth, 2002-CA-001684-MR, 2003 WL 22519882, at *2 (Ky.Ct.App.2003) (providing an overview of decisions from other jurisdictions that have allowed courts to consider pending charges when sentencing a defendant). Many of those courts allowing pending charges to be considered at sentencing include charges that arose from subsequent arrests among their permissible sentencing factors. See, e.g., Houle v. United States, 493 F.2d 915, 915 (5th Cir.1974) (holding that the court could, in its discretion, consider the fact *9 that the defendant was arrested while on bail awaiting trial in determining what sentence to impose, even though the arrest did not result in an indictment of the defendant); United States v. Cimino, 659 F.2d 535, 537-38 (5th Cir.1981) (holding that the sentencing judge could consider the defendant’s subsequent arrest even though the charges were dismissed during sentencing); Miller v. State, 709 N.E.2d 48, 49 (Ind.Ct.App.1999) (explaining that subsequent arrests are proper considerations in sentencing because “[t]his information is relevant to the court’s assessment of the defendant’s character and the risk that he will commit another crime.”); People v. Jones, 142 Ill.App.3d 51, 96 Ill.Dec. 469, 491 N.E.2d 515, 518-19 (1986) (holding that evidence of subsequent criminal conduct may be used at sentencing hearing on prior criminal charge and stating that “[m]isdeeds occurring up to the time of sentencing, whether before the finding of guilty or subsequent, are relevant as they go to the defendant’s ‘history and character.’ ”) (citing People v. Young, 138 Ill.App.3d 130, 92 Ill.Dec. 632, 485 N.E.2d 443, 446 (1985)); People v. Biggs, 89 Ill.App.2d 324, 231 N.E.2d 626, 628 (1967) (holding that the trial court properly considered the defendant’s subsequent arrests for two other robberies while on bond when sentencing the defendant); Daniels, 2003 WL 22519882, at *3 (holding that the trial court properly considered defendant’s pending indictment for later offenses at sentencing); People v. Thomas, 59 Mich.App. 21, 228 N.W.2d 531, 532 (1975) (holding that a trial court’s consideration of a new pending charge at a sentencing hearing, for the purpose of determining a pattern of conduct and defendant’s character, was not improper absent a showing that the trial judge used the pending charge in determining defendant’s sentence); but cf. State v. Westall, 116 N.C.App. 534, 449 S.E.2d 24, 34 (1994) (“It is well established that a trial judge may not consider, when imposing a sentence, other charges pending against a defendant for which he has not been convicted.”).
 In sum, to the extent that Seays can be interpreted as prohibiting consideration of subsequent arrests in sentencing, we clarify that a sentencing court may properly consider subsequent arrests and related charges, if relevant, in determining an appropriate sentence. We repeat Jansson’s admonition, however, that a sentencing court must remain mindful that the arrests and pending charges are not “convictions or findings of guilt” and refrain from placing undue emphasis on them at the sentencing hearing. 399 So.2d at 1062-63 (noting with approval the trial court’s comment that the prior arrests played a very minimal part in his consideration of the appropriate sentence).
Based on our review of the case law, and consistent with Whitehead and Jansson, we uphold consideration of the defendant’s subsequent arrest and charges at sentencing in the present case because of these factors: (1) the new charge was relevant; (2) the allegations of criminal conduct were supported by evidence in the record; (3) the defendant had not been acquitted of the charge that arose from the subsequent arrest; (4) the record does not show that the trial court placed undue emphasis on the subsequent arrest and charge in imposing sentence; and (5) the defendant had an opportunity to explain or present evidence on the issue of his prior and subsequent arrests.
As to the first factor, relevancy of the subsequent arrest, we note that the defendant was being sentenced for burglary while armed with a weapon, and the subsequent arrest involved burglary of a vehicle. The trial court aptly pointed out that the *10 new arrest was relevant to show a pattern of conduct and disrespect for the property of others. The court also reasoned that the new arrest reflected upon certain character flaws and traits that were not exhibited in his courtroom demeanor, but that apparently dictated his unlawful behavior.
As the Williams Court described the role of the sentencing judge:
A sentencing judge ... is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant — if not essential — to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant’s life and characteristics.
337 U.S. at 247, 69 S.Ct. 1079.
Regarding the second factor, the information about.the burglary before the court went beyond “unsubstantiated allegations of misconduct.” The state presented reports of two separate fingerprints found on CD cases in the victim’s burglarized car that matched the defendant’s fingerprints and the victim’s statement that the defendant did not have permission to enter his car.
Finally, unlike the defendant in Seays, the defendant in this case had the opportunity to rebut the burglary charge if he chose to do so. We recognize that the opportunity to explain arrests where charges are unresolved and still pending may be illusory for a defendant who does not wish to forfeit his Fifth Amendment right to remain silent. A defendant facing old or new charges may have no meaningful way to explain the circumstances of the arrests to the sentencing court without endangering his defense to those charges. For this reason, the defendant should be warned that his statements during sentencing could be used against him in his pending case. See Whitehead, 21 So.3d at 159 (noting that the trial judge “told the defendant that he could say anything he wished, but warned him that his statements could be used in the [pending] case”). If the defendant decides not to offer an explanation, the court should respect his decision and not consider his silence in imposing sentence.
For the above reasons, we affirm the defendant’s conviction and sentence. We recede from prior case law to the extent that it is inconsistent with this opinion.

Affirmed.

DAMOORGIAN, C.J., WARNER, STEVENSON, GROSS, MAY, CIKLIN, GERBER, LEVINE, CONNER, FORST and KLINGENSMITH, JJ., concur.

. See Yisrael v. State, 65 So.3d 1177, 1178 (Fla. 1st DCA 2011) (holding that consideration of pending or dismissed charges during sentencing results in a denial of the defendant’s due process rights); Mirutil v. State, 30 So.3d 588, 590 (Fla. 3d DCA 2010) (holding that the trial court improperly relied on evidence of new violations in determining the appropriate adult sentence to be imposed for the original offenses; since defendant denied committing the new violations, he could not be penalized merely for being arrested and charged); Gray v. State, 964 So.2d 884, 885 (Fla. 2d DCA 2007) (in sentencing defendant for manslaughter, the trial court could not consider new cases pending against defendant).

. We acknowledge some confusion as to the basis for our reversal of the sentence in Seays. Seays cited Epprecht v. State, 488 So.2d 129, 131 (Fla. 3d DCA 1986), which held “that the due process clause prohibits a court from considering charges of which an accused has been acquitted in passing sentence.” However, it is unclear from the opinion whether Seays had been acquitted of the attempted murder charge at the time he was sentenced for his burglary conviction, and whether the trial court was aware of his acquittal. See *8 Seays, 789 So.2d at 1209 n. 1. Seays may have cited Epprecht solely for the rule adopted in Epprecht that the state has the burden to show that the trial court did not rely upon impermissible considerations in sentencing.