DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PIERRE IMBERT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1675

[January 7, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert R. Makemson, Judge; L.T. Case No. 562012CF000925A.

Edward J. Mosher, Fort Pierce, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, C.J.

Pierre Imbert appeals his judgment and sentence for one count of lewd or lascivious exhibition by an offender over the age of 18 and one count of lewd or lascivious battery. Imbert raises four arguments on appeal.[1] We affirm on all grounds but write to address Imbert's argument that the trial court erred in considering an uncharged crime during sentencing.

At Imbert's sentencing hearing, the state presented testimony from an officer who investigated a different case involving Imbert. The crime that

---

[1] Imbert sets forth the following arguments: (1) the trial court erred by allowing the trial to proceed without providing Imbert with a Creole interpreter; (2) the statute governing lewd or lascivious battery—section 800.04(4), Florida Statutes—is unconstitutionally vague because it does not provide definitions for the terms "entice" or "encourage;" (3) the trial court improperly considered an uncharged crime against Imbert at sentencing; and (4) ineffective assistance of counsel is apparent on the face of the record.

the officer investigated was similar to the criminal act in this case. According to the officer, the case did not go forward because neither the minor victim, nor her mother, wanted to prosecute. Defense counsel objected to the court's consideration of the uncharged crime. Without making a formal ruling on the objection, the court noted:

> It's not a violation and it's a constitutional right to consider other relevant factors when determining an appropriate sentence. And what has been presented to me was that the only thing that kept them from pursuing the charges was the victim and the victim's mother declined to participate and to prosecute or to cooperate.

Imbert denied the allegations in the uncharged case and the court stated the following before announcing Imbert's sentence: "I have taken into consideration the Defendant's lack of criminal history. I have also taken into consideration the facts of this case and the scoresheet." The court sentenced Imbert to six years in prison followed by five years of sex offender probation with electronic monitoring. This appeal follows.

On appeal, Imbert argues that the trial court violated his due process rights at sentencing by considering the uncharged crime. Because Imbert claims that this sentencing error rendered his sentence illegal, our standard of review is de novo. *Norvil v. State*, 39 Fla. L. Weekly D520, 521 (Fla. 4th DCA Mar. 12, 2014) (citing *State v. Valera,* 75 So. 3d 330, 331–32 (Fla. 4th DCA 2011); *Etienne v. State,* 15 So. 3d 890, 893 (Fla. 4th DCA 2009)).

We begin our analysis by recognizing that the role of the sentencing judge

> "is not confined to the narrow issue of guilt. [The judge's] task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant—if not essential—to [the judge's] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics."

*Id.* at D522 (quoting *Williams v. New York*, 337 U.S. 241, 247 (1949)). The sentencing judge has broad discretion to impose a sentence within the statutory range set forth by the legislature, *see* § 921.002(g), Fla. Stat. (2012) (permitting judge to impose a sentence up to and including the statutory maximum), and may consider a variety of factors, including

- 2 -

a defendant's criminal history, employment status, family obligations, and over-all reputation in the community, *see Bracero v. State*, 10 So. 3d 664, 665 (Fla. 2d DCA 2009) (recognizing that sentencing court has wide discretion concerning the factors it considers at sentencing). However, a sentencing court violates a defendant's due process rights when it relies on constitutionally impermissible factors. *Norvil*, 39 Fla. L. Weekly at D520.

Imbert argues that the trial court violated his due process rights because an uncharged crime should never be considered by a trial court for sentencing purposes. We reject Imbert's per se rule prohibiting trial courts from considering uncharged crimes at sentencing.

"The United States Supreme Court has held that it is not a violation of a defendant's constitutional rights to consider other relevant factors when determining an appropriate sentence." *Dowling v. State*, 829 So. 2d 368, 371 (Fla. 4th DCA 2002) (citing *Roberts v. United States*, 445 U.S. 552, 556 (1980); *Williams*, 337 U.S. at 246–52). The Florida Legislature recognized a number of relevant factors in enacting section 921.231 of the Florida Statutes, which governs presentence investigation reports. *See* § 921.231, Fla. Stat. Subsection (1) lists the factors that should be included in a full presentence investigation report, including "the offender's prior record of arrests and convictions." § 921.231(1), Fla. Stat. Against this legislative backdrop, we determined that a sentencing court may consider a defendant's pending charges if they are related to the crime for which the defendant is being sentenced. *See Whitehead v. State*, 21 So. 3d 157, 158–60 (Fla. 4th DCA 2009) (trial court appropriately considered defendant's pending charge during sentencing because it involved the defendant's conduct toward minors and he was being sentenced for possession of cannabis, contributing to the delinquency or dependency of a child, and delivery of a controlled substance to a minor).

More recently, in *Norvil*, we held that there is "no significant difference between prior arrests and subsequent arrests for sentencing purposes" because "[i]n both circumstances, the sentencing court will have to ensure the relevance and reliability of information presented regarding the alleged criminal activity and allow the defendant an opportunity to explain or rebut those charges." 39 Fla. L. Weekly at D521. In so holding, we considered the fact that: "(1) the new charge was relevant; (2) the allegations of criminal conduct were supported by evidence in the record; (3) the defendant had not been acquitted of the charge that arose from the subsequent arrest; (4) the record [did] not show that the trial court placed undue emphasis on the subsequent arrest and charge in

imposing sentence; and (5) the defendant had an opportunity to explain or present evidence on the issue of his prior and subsequent arrests." *Id.* at D522.

Though *Norvil* does not directly address the propriety of a sentencing court's consideration of uncharged crimes, other jurisdictions have permitted trial courts to consider a defendant's uncharged crimes for sentencing purposes. *See, e.g., Elias v. State*, 286 N.W.2d 559, 562 (Wis. 1980) ("This court has stated that the trial court in imposing sentence for one crime can consider other unproven offenses, since those other offenses are evidence of a pattern of behavior which is an index of the defendant's character, a critical factor in sentencing."); *cf. People v. Bratcher*, 737 N.Y.S.2d 451, 453 (N.Y. App. Div. 2002) ("Although a court may consider uncharged crimes in sentencing a defendant, it 'must assure itself that the information upon which it bases the sentence is reliable and accurate . . . .'" (internal citations and quotations omitted)).

While it is not our intent to reduce a sentencing hearing to a hybrid criminal trial, we hold that a sentencing court may consider an uncharged crime upon proper application of the *Norvil* factors. *See United States v. Weston*, 448 F.2d 626, 633 (9th Cir. 1971) ("We do not desire to transform the sentencing process into a second trial, and we believe that other criminal conduct may properly be considered, even though the defendant was never charged with it or convicted of it."). However, an uncharged crime is certainly not a conviction or finding of guilt and the trial court must avoid "placing undue emphasis on [it] at the sentencing hearing." *Norvil*, 39 Fla. L. Weekly at D522 (quoting *Jansson v. State*, 399 So. 2d 1061, 1062–63 (Fla. 4th DCA 1981)); *see also Denson v. State*, 915 P.2d 284, 287 (Nev. 1996) ("While a district court has wide discretion to consider prior uncharged crimes during sentencing, the district court must refrain from punishing a defendant for prior uncharged crimes. Consideration of those crimes is solely for the purpose of gaining a fuller assessment of the defendant's 'life, health, habits, conduct, and mental and moral propensities.'" (citations omitted)).

Our application of the *Norvil* factors to the facts of this case leads us to conclude that the trial court did not err in considering Imbert's uncharged crime. First, the uncharged crime was relevant because the allegations involved criminal activity similar to what occurred in this case. Second, these allegations were supported by the officer's testimony at the sentencing hearing, which included details of the incident obtained through an interview of the victim and a controlled phone call to Imbert. The reason the case did not go forward was because the

victim and her mother did not wish to prosecute and Imbert was given the opportunity to explain and present evidence to rebut the officer's testimony. Finally, the record does not indicate that the trial court relied on the uncharged crime in determining Imbert's sentence.[2] For these reasons, we reject Imbert's argument that the trial court committed sentencing error and affirm his judgment and sentence in all respects.

*Affirmed.*

GROSS and MAY, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

---

[2] In fact, when announcing the basis for Imbert's sentence, the trial court noted Imbert's lack of criminal history and did not mention the uncharged crime.