DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KEVYN ANDURAY CASTILLO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-1019

[December 2, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn D. Kelley, Judge; L.T. Case No. 502009CF011635A.

Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from his convictions and sentences following the revocation of his probation on the underlying charges of burglary of a conveyance and felony battery. The defendant argues the circuit court erred in two respects: (1) finding he violated probation by constructively possessing cocaine and drug paraphernalia found in a shoebox in the closet of a jointly occupied bedroom when no independent evidence existed to show he knew of and was able to control the items; and (2) considering pending charges and unproven allegations at sentencing.

On the defendant's first argument, the state properly concedes error. *See Williams v. State*, 154 So. 3d 426, 428 (Fla. 4th DCA 2014) ("Constructive possession exists where a defendant does not have actual physical possession of contraband but knows of its presence on or about his premises and has the ability to exercise dominion and control over it. Mere proximity to contraband, standing alone, is insufficient to establish constructive possession of the substance. The state must present independent proof of the defendant's knowledge and ability to control the contraband.") (citations omitted).

On the defendant's second argument, we conclude the circuit court did not err in considering pending charges. As established in *Norvil v. State*, 162 So. 3d 3 (Fla. 4th DCA), *review granted*, 168 So. 3d 227 (Fla. 2014), a court may consider a pending charge at sentencing if the following five factors exist: "(1) the new charge was relevant; (2) the allegations of criminal conduct were supported by evidence in the record; (3) the defendant had not been acquitted of the charge that arose from the subsequent arrest; (4) the record does not show that the trial court placed undue emphasis on the subsequent arrest and charge in imposing sentence; and (5) the defendant had an opportunity to explain or present evidence on the issue of [the] . . . subsequent arrests." 162 So. 3d at 9. Recently, we extended *Norvil* to uncharged crimes, holding that "a sentencing court may consider an uncharged crime upon proper application of the *Norvil* factors." *Imbert v. State*, 154 So. 3d 1174, 1176 (Fla. 4th DCA 2015).

Here, the *Norvil* factors were satisfied. The pending charges were relevant to sentencing because they established a pattern of offenses and the defendant's continual violation of the law despite being on probation. The charges were supported by probable cause affidavits, and the defendant had not been acquitted of those charges. The court did not emphasize the pending charges in imposing sentence, and defense counsel was given the opportunity to explain the pending charges. Thus, no error occurred when the court considered the pending charges at sentencing. Further, the record reflects that the court did not consider unproven allegations during sentencing other than the unproven allegations of possession of cocaine and drug paraphernalia.

However, given the error on the first issue, the state concedes that we must remand this case for resentencing without consideration of the unproven allegations of possession of cocaine and drug paraphernalia. *Cf. J.F. v. State*, 889 So. 2d 130, 132 (Fla. 4th DCA 2004) ("While it is undisputed that appellant violated the terms of his probation by failing to attend school, we are not certain whether the trial court would have revoked his probation and imposed the same sentence based solely on this violation. Therefore, we reverse and remand this case with directions to delete the finding that the defendant violated probation by committing the offense of grand theft and remand for a new disposition hearing only on the finding that appellant violated probation by failing to attend school.").

*Affirmed in part, reversed in part, and remanded for resentencing.*

CIKLIN, C.J., and GROSS, J., concur.

2

*     *     *

*Not final until disposition of timely filed motion for rehearing.*