# Supreme Court of Florida

_____

No. SC14-746
_____

**SIDNEY NORVIL, Jr.,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[April 28, 2016]

PERRY, J.

Sidney Norvil, Jr., seeks review of the decision of the Fourth District Court of Appeal in Norvil v. State, 162 So. 3d 3 (Fla. 4th DCA 2014), on the ground that it expressly and directly conflicts with Yisrael v. State, 65 So. 3d 1177 (Fla. 1st DCA 2011), Mirutil v. State, 30 So. 3d 588 (Fla. 3d DCA 2010), and Gray v. State, 964 So. 2d 884 (Fla. 2d DCA 2007), on the issue of whether a trial court violated a defendant's due process rights at sentencing by considering a subsequent arrest without conviction during sentencing for the primary offense. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For reasons provided below, we hold that a trial court may not consider a subsequent arrest without conviction

during sentencing for the primary offense.  We therefore quash the decision of the

Fourth District in <u>Norvil</u> and approve the conflict cases.

The relevant facts were summarized by the Fourth District Court of Appeal

as follows:

> The defendant entered an open plea to the charge of armed burglary of a dwelling.  Before sentencing, the state filed a sentencing memorandum recommending that the court consider a new charge pending against the defendant for burglary of a vehicle.  Defense counsel responded with a sentencing memorandum objecting to the state's recommendation.
>
> At the sentencing hearing, defense counsel renewed her objection and asked that the court not consider the pending burglary charge.  She explained that the defendant had denied the charge and that she had not had an opportunity to investigate the facts of the case.  The trial court, however, inquired about the nature and status of the pending burglary case.  The state informed the court that the new charge involved burglary of a retired deputy's vehicle.  The state further advised the trial court that a fingerprint technician's report revealed that the defendant's fingerprints were found on CD cases stacked on the center console of the vehicle.
>
> Before pronouncing sentence, the trial court referred to the pending burglary charge, along with a trespass charge to which the defendant had already entered a plea, and noted that both arrests occurred while the defendant was out on bond awaiting trial in this case.  The court commented:
>
>> We have two Sidney [Norvil Junior].  We have the Sidney Norvil that [defense counsel] knows and that meets with her, expresses all these positive things about his outlook in life.  We have the Sidney Norvil that comes to court respectful, in business attire, conducts himself as a gentleman.
>>
>> And then we have the Sidney Norvil who acts out on the street and constantly is getting arrested while out on bond, arrested for trespass at a place, at a mall, arrested now for burglary of a retired deputy sheriff's car, with fingerprint identification.  And these arrests aren't

> distant arrests. These arrests occur while out on bond in this case.
>
> . . . .
>
> [T]he Sidney Norvil that is committing crimes is the Sidney Norvil that's running around with his friends breaking into people's cars—breaking into people's houses.
>
> The trial court declined to sentence the defendant as a youthful offender, and instead sentenced him to twelve years in prison.

Norvil, 162 So. 3d at 5-6. Norvil appealed to the Fourth District Court of Appeal. Even though the Fourth District affirmed the trial court's order and Norvil's sentence, the district court, en banc, elected to address the issue regarding the trial court's consideration of subsequent charges pending against Norvil at sentencing. Id. at 5. The Fourth District upheld consideration of Norvil's subsequent arrest and charges at sentencing because: "(1) the new charge was relevant; (2) the allegations of criminal conduct were supported by evidence in the record; (3) the defendant had not been acquitted of the charge that arose from the subsequent arrest; (4) the record [did] not show that the trial court placed undue emphasis on the subsequent arrest and charge in imposing [the] sentence; and (5) the defendant had an opportunity to explain or present evidence on the issue of his prior and subsequent arrests." Id. at 9.

The issue before this Court is whether the trial court violated the defendant's due process rights by considering a subsequent arrest without conviction during sentencing for the primary offense, and is thus a pure question of law.

- 3 -

Accordingly, the proper standard of review is de novo. See Cromartie v. State, 70 So. 3d 559, 563 (Fla. 2011).

Chapter 921, which includes the Criminal Punishment Code (CPC), governs sentencing in Florida. The CPC dictates that:

> [t]he provision of criminal penalties and of limitations upon the application of such penalties is a matter of predominantly substantive law and, as such, is a matter properly addressed by the Legislature. The Legislature, in the exercise of its authority and responsibility to establish sentencing criteria, to provide for the imposition of criminal penalties, and to make the best use of state prisons so that violent criminal offenders are appropriately incarcerated, has determined that it is in the best interest of the state to develop, implement, and revise a sentencing policy.

§ 921.002(1), Fla. Stat. (2010). The CPC embodies the principles that:

> [t]he primary purpose of sentencing is to punish the offender. Rehabilitation is a desired goal of the criminal justice system but is subordinate to the goal of punishment. The penalty imposed is commensurate with the severity of the primary offense and the circumstances surrounding the primary offense. The severity of the sentence increases with the length and nature of the offender's prior record.

§ 921.002(1)(b), (c), and (d), Fla. Stat. (2010). We recognized almost identical principles in Hall v. State, 823 So. 2d 757, 759-60 (Fla. 2002), abrogation on other grounds recognized in State v. Johnson, 122 So. 3d 856, 862 (Fla. 2013).

In the present case, the record reflects that the sentencing judge ordered a presentencing investigation (PSI) report pursuant to § 921.231(1), Fla. Stat. (2010). The purpose of the PSI report is to provide the sentencing court with information

that is helpful in determining the type of sentence that should be imposed. Fla. R. Crim. P. 3.712(a). This report must include, <u>inter alia</u>, the offender's prior record of arrests and convictions. § 921.231(1)(c), Fla. Stat. (2010). In other words, by definition, the arrests and convictions considered by a trial judge in sentencing occur "prior to the time of the primary offense," and not subsequent to the primary offense. § 921.0021(5), Fla. Stat. (2010). Additionally, the terms "primary offense" and "prior record," which are included in the CPC's sentencing principles, do not include a subsequent arrest and its related charges. <u>See</u> §§ 921.0021(4)(5), Fla. Stats. (2010).

With regard to the sentencing criteria enunciated in chapter 921, along with its applicable definitions, we conclude that the CPC is unambiguous concerning the factors a trial court may consider in sentencing a defendant. The Legislature included prior arrests as information that is helpful in imposing the appropriate sentence for a defendant. § 921.231(1)(c), Fla. Stat. (2010). However, if the Legislature had intended to include subsequent arrests and their related charges as permissible sentencing factors, it would have done so. <u>See</u> <u>Koster v. Sullivan</u>, 160 So. 3d 385, 390 (Fla. 2015) ("Florida courts are 'without power to construe an unambiguous statute in a way which would extend, modify, or <u>limit</u>, its express terms or its <u>reasonable and obvious implications</u>. To do so would be an abrogation of legislative power.' ") (quoting <u>Holly v. Auld</u>, 450 So. 2d 217, 219 (Fla. 1984)).

The record demonstrates that the trial court relied on the subsequent arrest and charge, which Norvil denied and also had not been tried for, in imposing sentence in the present case. Immediately before pronouncing sentence, the trial court stated that it saw two Sydney Norvils, one, in particular, who was "arrested now for burglary of a retired deputy sheriff's car, with fingerprint identification" and "running around with his friends breaking into people's cars." Even though the record shows that the prosecutor did not go into detail about the evidence in the burglary of a vehicle charge—two fingerprints found on a CD case—based on the trial court's comments, the trial court emphasized and relied upon the subsequent arrest and its related charge of burglary of a vehicle in sentencing Norvil on the primary offense.

Accordingly, the State failed to show that the trial court did not rely on the pending charge resulting from the subsequent arrest for burglary of a dwelling. Furthermore, chapter 921 is unambiguous and specifically states that prior arrests and convictions, not subsequent arrests and their related charges, are appropriate sentencing considerations. In conclusion, we adopt the following bright line rule for sentencing purposes: a trial court may not consider a subsequent arrest without conviction during sentencing for the primary offense. This rule is consistent with the Criminal Punishment Code, and it preserves a defendant's due process rights during sentencing.

We therefore quash the Fourth District's decision in <u>Norvil</u> and approve <u>Yisrael</u>, <u>Gray</u>, and <u>Mirutil</u>.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, and QUINCE, JJ., concur.
CANADY, J., dissents with an opinion, in which POLSTON, J., concurs.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

CANADY, J., dissenting.

Neither the Criminal Punishment Code (CPC) nor the requirements of due process preclude a sentencing judge from considering a criminal act that was committed by a defendant after the crime for which sentence is being imposed. Accordingly, I dissent from the majority's decision, which imposes unwarranted limitations on the discretion of circuit courts to impose sentence up to the statutory maximum. I would approve the district court's conclusion that Norvil's sentence should be affirmed.

The majority concludes that the sentencing court is precluded from considering criminal acts committed by a defendant after the date of the offense for which the defendant is being sentenced because the sentencing court is limited to the consideration of facts detailed in the Presentence Investigation Report (PSI) prepared pursuant to section 921.231, Florida Statutes (2010). This line of reasoning is premised on a misunderstanding of the role of PSIs under the CPC.

Nothing in the CPC either expressly or implicitly limits a sentencing judge to considering facts presented in a PSI. Under the statutory provisions, the sentencing judge has complete discretion concerning whether or not a PSI will be prepared. Section 921.231 does not require any sentencing judge to make use of a PSI. The statute unambiguously provides that the sentencing court "may refer [a] case to the Department of Corrections for investigation and recommendation." § 921.231(1), Fla. Stat (2010). Under the provisions of the statute, PSIs thus are prepared only "[u]pon request of the court[.]" Id. It is nonsensical to conclude that the Legislature intended to limit the scope of matters considered by the sentencing court to facts presented in a PSI when the Legislature has not required the use of a PSI but has granted full discretion to the sentencing court to forgo using a PSI at all. Although Florida Rule of Criminal Procedure 3.710(a) conditions the imposition of a prison sentence on juveniles and first-time felony offenders on the consideration of a PSI by the sentencing judge, this judicial rule does not justify any conclusions about the intent of the Legislature concerning matters that a sentencing judge may properly consider.

Due process provides no more support for Norvil's position than do the provisions of the CPC. Neither the absence of a conviction for the subsequent crime nor the temporal relationship of that crime with the offense for which sentence was imposed provide any basis for concluding that due process was

violated. The Supreme Court has long recognized that due process permits "a sentencing judge [to] exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fitted by law." Williams v. People of State of N.Y., 337 U.S. 241, 246 (1949). The Court has "never [called into] doubt[] the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range." United States v. Booker, 543 U.S. 220, 233 (2005).

To put the due process issue in proper perspective, it should be understood that no due process violation occurs when a sentencing court exercising its discretion to impose a sentence up to the statutory maximum considers even acquitted crimes if the commission of those crimes is supported by a preponderance of the evidence. In United States v. Watts, 519 U.S. 148 (1997), the Court addressed whether a sentencing court, in sentencing the defendants under the federal sentencing guidelines, could consider acquitted conduct. The Court observed that a jury's acquittal is not a rejection of facts but is merely " 'an acknowledgment that the government failed to prove an essential element of the offense beyond a reasonable doubt.' " 519 U.S. at 155 (quoting United States v. Putra, 78 F.3d 1386, 1394 (9th Cir. 1996) (Wallace, C.J., dissenting)). Stating that "application of the preponderance [of the evidence] standard at sentencing generally satisfies due process[,]" Watts, 519 U.S. at 156, the Court held "that a

jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence[,]" id. at 157.

Norvil was released on bond pending trial on the offense—armed burglary of a dwelling—for which he received the sentence at issue here. At the sentencing proceeding, the State presented evidence showing that while out on bond the defendant committed the burglary of a vehicle. There is no ground for concluding that the commission of the burglary of a vehicle offense was not established by a preponderance of the evidence. And it is indeed a remarkable proposition that a defendant who has committed an additional crime while out on bond should not have that subsequent crime held against him when being sentenced for the earlier offense. Due process does not require the adoption of such a nakedly unreasonable proposition. The view is unassailable that such a crime committed by a defendant while out on bond reflects unfavorably on the defendant's character just as much as—if not more than—crimes that were committed previously. The character of the defendant and a concomitant assessment of the likelihood that the defendant will reoffend are unquestionably proper matters for a sentencing judge to consider when imposing sentence within the statutory maximum.

I would approve the result reached by the district court, and I would disapprove those decisions that are inconsistent with the views I have expressed in this dissent.

POLSTON, J., concurs.

Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

    Fourth District - Case No. 4D11-1740

    (Palm Beach County)

Carol Stafford Haughwout, Public Defender, and Patrick Barfield Burke, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, Florida,

    for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; and Consiglia Terenzio, Bureau Chief, and Jeanine Marie Germanowicz, Assistant Attorney General, West Palm Beach, Florida,

    for Respondent